# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH - HOBOKEN UNIVERSITY MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC.,<br><br>Defendants. | Civil Action No.<br>2:16-cv-00168 (KM/MAH) |

## DEFENDANT AETNA HEALTH INC.'S MOTION TO DISMISS COUNTS TWO AND THREE OF THE AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Edward S. Wardell, Esq.
Joseph L. Linares, Esq.
**CONNELL FOLEY LLP**
Liberty View Building
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
Tel: 856-317-7100
*Attorneys for Defendant*
*Aetna Health Inc.*

DATE:  March 9, 2016

3646541-1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................... 1

III.    LEGAL ARGUMENT ......................................................................................... 3

        A.    The Legal Standard ................................................................................... 3

        B.    Count Two of the Amended Complaint Should Be Dismissed as to Aetna Because Aetna is Not a Plan Fiduciary ........................................... 4

        C.    Count Three of the Amended Complaint Should be Dismissed Because Aetna is not the Plan Fiduciary or Administrator for any Review of Denied Claims. ......................................................................... 6

IV.    CONCLUSION ..................................................................................................... 8

## TABLE OF AUTHORITIES

*Cases*

Accord Pension Benefit Guar. Corp. v. White Consol. Inds., Inc.,
 998 F.2d 1192 (3d Cir. 1993)............................................................................... 4

Briglia v. Horizon Healthcare Servs., Civ. A. No. 03-6033, 2005
 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005) ........................................... 5, 6

Chapman v. ChoiceCare Long Island Term Disability Plan, 288
 F.3d 506 (2d Cir. 2002)....................................................................................... 5

Graden v. Conexant Sys. Inc., 496 F.3d 291 (3d Cir. 2007)...................................... 5

In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410 (3d Cir.
 1997) ................................................................................................................... 4

Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir.
 1994) ................................................................................................................... 4

Nat'l Sec. Sys. v. Iola, 700 F.3d 65 (3d Cir. 2012) ................................................... 5

Shaw v. Digital Equip. Corp., 82 F.3d 1194 (1st Cir. 1996)..................................... 4

*Statutes*

29 C.F.R. § 2560.503-1.............................................................................................. 1

29 C.F.R. § 2590.715-2719........................................................................................ 1

29 U.S.C. § 1002(21)(A)............................................................................................ 5

29 U.S.C. § 1133.................................................................................................... 1, 7

*Rules*

Fed R. Civ. P. 12(b)(6) ............................................................................................... 3

I. INTRODUCTION

Based on the clear legal principles governing this case, Defendant Aetna Health Inc. is not a proper party to this litigation. Plaintiff HUMC Opco LLC d/b/a CarePoint Health -- Hoboken University Medical Center ("Plaintiff" or "HUMC") brought this action against Defendants Aetna Health Inc. ("Aetna"), United Benefit Fund ("UBF") and Omni Administrators ("Omni") to recover health care benefits allegedly assigned to it by an unnamed individual, identified in Plaintiff's Amended Complaint as "Patient 1," for services rendered from May 29, 2014 through May 22, 2015. See Amend. Compl. ¶ 2. Aetna now moves to dismiss the Amended Complaint because it is not a proper party to this action, as the UBF is a self-insured benefit plan under which Aetna is not a fiduciary.

Plaintiff brings a three count Amended Complaint, which only alleges two (2) causes of action as to Aetna -- breach of fiduciary duty and denial of full and fair review in violation of §503 of ERISA. It is clear that the language of the applicable administrative service agreements, which governs the administrative and ministerial duties to be performed by Aetna with respect to the Plan, explicitly insulate Aetna from any fiduciary liability under ERISA or otherwise. Accordingly, Counts Two and Three of the Amended Complaint against Aetna are wholly without merit and should be dismissed.

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

A. PROCEDURAL HISTORY

Aetna, among other things, provides basic claims administration including intake and transmission of data to Omni for the purposes of adjudication. See Id. at Ex. A § 3.1. Plaintiff HUMC is a limited liability company which operates a general acute care

1

hospital (d/b/a CarePoint Health) located at 308 Willow Avenue in Hoboken, New Jersey 07030.  Amend. Compl. ¶ 1, 9.

The Complaint alleges that Patient 1 was admitted to HUMC's emergency department for a cerebral artery occlusion on or about May 29, 2014, and continued to receive treatment through May 22, 2015.  Id. ¶ 2.  Plaintiff alleges that, HUMC, as Patient 1's assignee, should be compensated based on the "Medicare Rate" under the UBF plan because HUMC is an "out-of-network provider." Id. ¶ 19.  Based on this rate, HUMC alleges that it is owed an unpaid balance of $776,539.37 as a result of Patient 1's treatment, after $12,907.18 paid to HUMC.  Id. ¶ 5.

When Omni determined that no further benefits were due, Plaintiff initiated this action by way of Complaint filed on January 11, 2016.  DE # 1. Plaintiff filed its Amended Complaint on February 1, 2016.  DE # 4.  Plaintiff alleges that Defendant UBF was Patient 1's insurer or obligor, and that UBF owes "at least $789,446.88" to Plaintiff as Patient 1's assignee.  Id. ¶ 4. Plaintiff also alleges that it is an "out-of-network provider with respect to Aetna and a 'non-PPO provider'" within the meaning of the Patient 1's plan (the "Plan").  Plaintiff asserts Aetna failed to fully reimburse Plaintiff in its capacity as third-party claims administrator for the Plan. Id. ¶ 5, 18.  Counts Two and Three of the Amended Complaint are brought "against all Defendants" for Breach of Fiduciary Duty and Denial of Full and Fair Review in violation of 29 U.S.C. § 1133 (the "Employee Retirement Income Security Act" or "ERISA"), 29 C.F.R. § 2560.503-1, 29 C.F.R. § 2590.715-2719.  See Amend. Compl. at Counts Two & Three.

### B.  AETNA'S ADMINISTRATIVE OBLIGATIONS UNDER THE PLAN

2

Aetna is not a proper party to this action because it did not exercise discretion and/or authority relating to the management and disposition of the Plan's assets or the claims at issue in this case. See Amend. Compl. ¶ 69. Sec. 5.1 of the Customer Administrative Services Agreement (JCA 863860) (the "CASA") between Aetna and UBF explicitly provides that "with respect to Section 503" of ERISA, UBF is the "'appropriate named fiduciary' of the Plan for the purposes of reviewing denied claims under the plan." See Certification of Michael C. McNamara ("McNamara Cert."), ¶4, Ex. B, § 5.1. Aetna's responsibilities under the CASA are purely "ministerial and [] Aetna has no other fiduciary relationship under the Plan." Id.

The Joint Administrative Services Agreement between Aetna and Co-Defendant Omni (JCA 863860) (the "ASA") also dictates that all claims are to be "fully adjudicated by [Omni]" and that "Aetna shall have no responsibility for claims determinations." McNamra Cert., ¶3, Ex. A, § 3.1.

### III. LEGAL ARGUMENT

#### A. The Legal Standard

Aetna seeks to dismiss the Amended Complaint for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6). In considering a motion to dismiss under Fed R. Civ. P. 12(b)(6), the Court accepts as true the allegations of the plaintiff's complaint and all reasonable inferences that can be drawn therefrom. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a 'document *integral to* or explicitly relied upon in the complaint' may be considered" by the Court "without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)(quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st

3

Cir. 1996)) (emphasis added); see also Accord Pension Benefit Guar. Corp. v. White Consol. Inds., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if plaintiff's claims are based on the document.")

Because Plaintiff's claims are based on the terms of the UBF Plan administered by Aetna and Omni, the Court may consider the plan documents without converting this motion into a motion for summary judgment. Specifically relevant to this motion and integral to Plaintiff's Amended Complaint are the ASA and CASA, which dictate UBF, Omni and Aetna's respective responsibilities for claims handling, processing and eligibility determination.

### B.  Count Two of the Amended Complaint Should Be Dismissed as to Aetna Because Aetna is Not a Plan Fiduciary

It is clear under both Third Circuit law and the provisions of the CASA and ASA that Aetna is not a fiduciary for the claims at issue in this matter. The proper party defendant on claims for benefits under self-insured plans is, of course, the plan itself. Courts have repeatedly construed ERISA §§ 502(d)(1) and (2) to mean that when a participant in a plan claims that the plan has failed to pay or cover a benefit owed, that the plan is the proper defendant, rather than some other entity that is simply involved in the operation of the plan. Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007) (citing Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 509–10 (2d Cir. 2002)). A plaintiff may bring a claim against a third-party plan administrator of a self-funded plan *only* if the third-party administrator is a fiduciary. Briglia v. Horizon Healthcare Servs., Civ. A. No. 03-6033, 2005 U.S. Dist. LEXIS 18708,

4

*17-18 (D.N.J. May 13, 2005)(emphasis added). In determining whether an entity is a fiduciary, a court will consider whether the entity:

> (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets or (ii) renders investment advice for a fee or other compensation . . . or has any authority or responsibility to do so, or (iii) has any discretionary authority or discretionary responsibility in the administration of such plan.

Nat'l Sec. Sys. v. Iola, 700 F.3d 65, 97 (3d Cir. 2012) (quoting 29 U.S.C. § 1002(21)(A)) (internal quotations omitted). In sum, the key determination as to whether an administrator is a fiduciary is discretion. Briglia, 2005 U.S. Dist. LEXISA 18708 at *18.

For the purpose of this motion only, Aetna does not dispute that Patient 1 was a participant in the Plan and assigned its right to benefits to Plaintiff HUMC. Under the Plan and the CASA, however, UBF has the exclusive "responsibility for the Plan, its operation, and the benefits provided thereunder." McNamara Cert., ¶ 4, Ex. B § 5.1. The CASA and ASA make clear that UBF has assumed all fiduciary responsibilities. Specifically, Section 5.1 of the CASA provides that:

> [W]ith respect to Section 503 of the Employee Retirement Income Securities Act of 1974, as amended, [UBF] will be the "appropriate named fiduciary" of the Plan for the purpose of reviewing denied claims under the Plan. [UBF] also has the sole and complete authority to determine eligibility of persons to participate in the Plan. It is agreed that Aetna's responsibilities under this Agreement are ministerial and that Aetna *has no other fiduciary responsibility under the Plan.*

Id.

The CASA was integrated into the ASA, pursuant to which Omni and Aetna "agree[d] that with respect to Section 503 of ERISA, [] [UBF] will be the 'appropriate named fiduciary' of the Plan for the purpose of reviewing denied claims under the plan"

5

and that UBF has "discretionary authority to determine entitlement to Plan benefits as determined by the Plan Documents for each claim received . . . ." Id. at Ex. A, § 5.1.5. To the extent the Complaint alleges otherwise, the ASA makes clear that "Aetna shall have no responsibility for claims determinations made by [Omni]" and that Omni alone is responsible for fully adjudicating claims. Id. § 3.1. By virtue of the ASA, Omni agreed to be responsible for processing and adjudicating claims in accordance with the terms of the Plan. Id. § 5.1.1.

Because the CASA and ASA explicitly insulate Aetna from any fiduciary liability and Third Circuit law further dictates that UBF is the proper fiduciary, Aetna is not a proper party to this litigation and Count Two of the Amended Complaint should be dismissed with prejudice. See Briglia, 2005 U.S. Dist. LEXIS 18708 at *17.

### C. Count Three of the Amended Complaint Should be Dismissed Because Aetna is not the Plan Fiduciary or Administrator for any Review of Denied Claims.

As expressed, the CASA and ASA dictate the Defendants' respective obligations with regard to the Plan and demonstrate that Aetna is not a proper party to this action. Although provider claims are initially sent to Aetna, Aetna is not the proper party for this claim based on the allegations in Count Three of the Amended Complaint where Plaintiff alleges it was denied a Full and Fair Review.[1]

29 U.S.C. § 1133(2) mandates that a plan beneficiary be afforded an opportunity for "a full and fair review by the appropriate named fiduciary of the decision denying the claim." As previously detailed, Aetna is not a fiduciary under the Plan. Pursuant to ERISA, "administrator" refers only to "(i) the person specifically so designated by the

---

[1] By moving to dismiss Count Three of the Amended Complaint based on Aetna's status as an improper defendant, Aetna does not concede that HUMC exhausted its administrative remedies.

6

terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." Id. § 1002(16)(A).[2]

Aetna's function with regard to provider appeals for reconsideration of medical necessity determinations made by Omni is limited to coordinating with Omni and relaying Omni's determination to the provider. See id. Because it is neither a fiduciary nor administrator under ERISA, Count Three of the Complaint should be dismissed as to Aetna.

---

[2] The ASA section entitled "Aetna Joint Claim Administration Workflow" provides a visual and brief synopsis of the respective duties of Omni and Aetna. See McNamara Cert., Ex. A at p. 18. As evident from the "Aetna Joint Claim Administration Workflow," Aetna's responsibilities are limited to claim pricing, claim editing, patient management, and provider services and remittance. Id. Omni is the "administrator" under ERISA as it determines member eligibility, makes determinations on benefits and applications, and provides member customer service, correspondence, and explanations of benefits. The ASA unequivocally states that "[Omni] administers claims and provides other services to [UBF]." Id. at p. 1.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully requested that Plaintiff HUMC's Amended Complaint be dismissed as to Defendant Aetna Health Inc.

**CONNELL FOLEY LLP**
Liberty View Building
457 Haddonfield Rd., Ste. 230
Cherry Hill, New Jersey 08002
Tel: (856) 317-7100

BY:   */s/Edward S. Wardell*
      Edward S. Wardell, Esq.
      Joseph Linares, Esq.

      *Attorneys for Defendant*
      *Aetna Health Inc.*

DATE:   March 9, 2016.