GORLICK, KRAVITZ & LISTHAUS, P.C.
Mark H. Ginsberg (MG 2067)
17 State Street, 4th Floor
New York, New York 10004
mginsberg@gkllaw.com
(212) 269-2500
*Attorneys for Defendant United Benefit Fund*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH - HOBOKEN UNIVERSITY MEDICAL CENTER, | : Civil Action No.: : 2:16-CV-00168(KM)(MAH) |
| Plaintiff, | : |
| - v. - | : **ANSWER TO** : **AMENDED** : **COMPLAINT** |
| UNITED BENEFIT FIND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC., | : |
| Defendants. | : |

-----------------------------------------------------------------X

    Defendant United Benefit Fund ("UBF"), by and through its attorneys of record, Gorlick, Kravitz & Listhaus, P.C., as and for its Answer to the Plaintiff's ("HUMC") Amended Complaint respectfully states:

    1.    UBF does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the allegations.

    2.    UBF denies that "emergent" medical care was or could have been provided for 358 consecutive days, as the term "emergency medical services" is defined by 29 CFR 2590.715-2719A to be "medical examination and treatment ... to stabilize the patient." UBF does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore denies all remaining allegations.

    3.    UBF does not have knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 3 and therefore denies the allegations.

4. UBF denies that HUMC is the assignee of Patient 1. UBF denies that it is Patient 1's insurer. UBF also denies that HUMC was or is entitled to any information from UBF concerning the "grandfathered" status of the UBF Plan. UBF further denies all remaining allegations in paragraph 4.

5. UBF admits that it has paid $12,907.18 to HUMC. UBF denies that any other payment is owed to HUMC under the Plan or otherwise. Except as specifically admitted, UBF denies all allegations in paragraph 5.

6. UBF denies that it has made an "underpayment" to HUMC. UBF denies that it has failed to provide HUMC with a meaningful avenue of review. UBF denies the remainder of the allegations in paragraph 6.

7. UBF does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies the allegations.

8. UBF denies that it has violated ERISA. To the extent that the allegations in paragraph 8 are conclusions of law, no response is required. UBF denies the remainder of the allegations in paragraph 8.

9. UBF does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies the allegations.

10. UBF admits it is an ERISA-covered employee welfare benefits plan. To the extent that the allegations in paragraph 10 include a conclusion of law, no response is required. UBF admits the remainder of the allegations in paragraph 10.

11. UBF admits the allegations in paragraph 11.

12. UBF admits that Aetna is its third-party claims administrator. Except as

specifically admitted, UBF does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies the allegations.

13. UBF admits the Court has subject matter jurisdiction over this matter. To the extent the allegations in paragraph 13 are conclusions of law, no response is required. Except as specifically admitted, UBF denies the allegations in paragraph 13.

14. UBF denies that the United States District Court for the District of New Jersey has personal jurisdiction over it. UBF denies that it carried on any business venture or engaged in substantial activity in the District of New Jersey. To the extent that the allegations in paragraph 14 include a conclusion of law, no response is required. UBF denies the remainder of the allegations in paragraph 14.

15. UBF denies that venue is proper in the District of New Jersey. UBF avers that venue is improper in this District under ERISA § 502(e)(2). To the extent that the allegations in paragraph 15 are conclusions of law, no response is required. UBF denies the remainder of the allegations in paragraph 15.

16. UBF does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies the allegations.

17. UBF does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies the allegations.

18. UBF denies that Patient 1 is a Plan beneficiary. UBF admits that HUMC is not an Aetna in-network provider. To the extent the allegations in paragraph 18 allege the contents of the Plan, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document. UBF does not have knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies the allegations.

19. To the extent allegations in paragraph 19 allege the contents of the UBF Plan document, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document. UBF admits that HUMC is not an Aetna in-network provider. UBF does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies the allegations.

20. To the extent that the allegations in paragraph 20 are conclusions of law, no response is required. UBF denies the remainder of the allegations in paragraph 20.

21. UBF denies that the "medicare rate" for the treatment HUMC allegedly provided to Patient 1 is $789,446.88 or more. UBF denies the remainder of the allegations in paragraph 21.

22. UBF denies that HUMC is entitled to more than $12,907.18 for the services it allegedly provided to Patient 1. UBF denies that any "unpaid balance" is due to HUMC. To the extent allegations in paragraph 22 allege the contents of the UBF Plan document, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document. UBF denies the remainder of the allegations in paragraph 22.

23. To the extent allegations in paragraph 23 allege the contents of an alleged September 5, 2015 explanation of benefits, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document. UBF does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 23 and therefore denies the allegations.

24. UBF denies that it was necessary that the care allegedly provided to Patient 1 be provided by HUMC specifically. To the extent allegations in paragraph 24 allege the contents of an alleged September 5, 2015 explanation of benefits, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document. UBF does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies the allegations.

25. As the allegations in paragraph 25 allege the contents of the UBF Plan document, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document.

26. UBF denies that "Patient 1" executed an "Assignment of Benefits" form. UBF further denies that HUMC was assigned any rights under the UBF Plan. To the extent that the allegations in paragraph 26 allege the contents of an alleged "Assignment of Benefits" form, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document. UBF denies the remainder of the allegations in paragraph 26.

27. UBF denies that "Patient 1" executed an "Assignment of Benefits" form. UBF further denies that HUMC was assigned any rights under the UBF Plan. To the extent that the allegations in paragraph 27 allege the contents of an alleged "Assignment of Benefits" form, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that

they differ from the document. UBF denies the remainder of the allegations in paragraph 27.

28.   UBF denies that Patient 1 appointed any authorized representative to act on his behalf with respect to any benefits claim or appeal of claim denial. To the extent the allegations in paragraph 28 allege the contents of the UBF Plan document, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document. UBF denies the remainder of the allegations in paragraph 28.

29.   UBF denies that Patient 1's wife had the authority to sign an "assignment of benefit" or "authorization of representation" form on his behalf. UBF denies that Plaintiff is authorized to appeal adverse benefits determinations on behalf of Patient 1. UBF denies the remainder of the allegations in paragraph 29.

30.   UBF denies that it failed to properly reimburse HUMC for the services it allegedly provided to Patient 1. UBF denies that HUMC has exhausted the appeals avenues under the Plan. UBF denies the remainder of the allegations in paragraph 30.

31.   UBF denies that HUMC was underpaid. To the extent the allegations in paragraph 31 allege the contents of the UBF Plan document and a September 9, 2015 "Appeal Letter," UBF avers that the documents are the best evidence of their content, refers the Court to the documents for complete and accurate statements of their content, and denies the allegations to the extent that they differ from the documents. UBF denies the remainder of the allegations in paragraph 31.

32.   UBF denies that HUMC is entitled to information concerning whether UBF is entitled to "grandfathered" status under the ACA. To the extent the allegations in paragraph 32 allege the contents of the UBF Plan document and a September 9, 2015 "Appeal Letter", UBF avers that the documents are the best evidence of their content, refers the Court to the documents

for complete and accurate statements of their content, and denies the allegations to the extent that they differ from the documents. To the extent that the allegations assert legal conclusions concerning the ACA and ERISA, no response is required. UBF denies the remainder of the allegations in paragraph 32.

33. UBF avers it is entitled to assert grandfathered status under the ACA. UBF denies that the Plan entitles HUMC to reimbursement of $789,446.88. UBF denies that $789,446.88 is the Medicare rate for the services HUMC allegedly provided to Patient 1. UBF denies that it is required to pay HUMC more than $12,907.18 for the services HUMC allegedly provided to Patient 1. To the extent that the allegations in paragraph 33 assert legal conclusions concerning the ACA, no response is required. To the extent the allegations in paragraph 33 allege the contents of the UBF Plan document, UBF avers that the document itself is the best evidence of its content, refers the Court to the document for a complete and accurate statement of its content, and denies the allegations to the extent that they differ from the document. UBF denies the reminder of the allegations in Paragraph 33.

34. UBF denies that HUMC's Appeal Letter received no response. To the extent that the allegations allege the contents of an October 14, 2015 email and the terms of the UBF Plan, UBF avers that the documents themselves are the best evidence of their contents, refers the Court to the documents for complete and accurate statements of their contents, and denies the allegations to the extent that they differ from the documents. To the extent that the allegations assert legal conclusions concerning the ACA, no response is required. UBF denies the reminder of the allegations in Paragraph 34.

35. UBF does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies the allegations.

36. UBF denies that the alleged November 12, 2015 "grievance" submitted to UBF by HUMC was submitted by any UBF member or in accordance with the Plan provisions governing grievances. To the extent that the allegations allege the contents of the alleged "grievance" and the terms of the UBF Plan, UBF avers that the documents themselves are the best evidence of their contents, refers the Court to the documents for complete and accurate statements of their contents, and denies the allegations to the extent that they differ from the documents. UBF denies the remainder of the allegations in paragraph 36.

37. UBF admits that its counsel sent a December 3, 2015 letter to a representative of HUMC. To the extent that the allegations in paragraph 37 allege the contents of the December 3, 2015 letter, UBF avers that the document itself is the best evidence of its contents, refers the Court to the documents for complete and accurate statements of their contents, and denies the allegations to the extent that they differ from the document. UBF denies the remainder of the allegations in paragraph 37.

38. UBF does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies the allegations.

39. UBF denies that HUMC is entitled to a de novo standard of review. UBF avers that the appropriate standard is the "abuse of discretion" or "arbitrary and capricious" standard of review. UBF denies that it has failed to comply with its obligations under the Plan and applicable law. UBF does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies the allegations.

40. UBF avers that it paid all amounts required to be paid under the Plan and therefore denies that it rejected HUMC's claim for reimbursement. UBF denies the remainder of the allegations in paragraph 40.

41. UBF repeats and realleges each of the foregoing responses as if set forth in full herein.

42. UBF admits it is an ERISA-covered employee welfare benefits plan. To the extent the allegations in paragraph 42 are conclusions of law, no response is required. UBF denies the remainder of the allegations in paragraph 42.

43. UBF avers it is self-insured. Except as specifically admitted, UBF denies the allegations in paragraph 43.

44. UBF admits that Omni is the plan administrator and Aetna is the third-party claims administrator for the UBF Plan. Except as specifically admitted, UBF denies the allegations in paragraph 44.

45. UBF denies that Patient 1 is entitled to coverage under the UBF Plan and denies the remainder of the allegations in paragraph 45.

46. UBF denies that Patient 1 executed an "assignment of benefits" form. UBF denies that HUMC received an assignment of Patient 1's rights. UBF denies the remainder of the allegations in paragraph 46.

47. UBF denies that HUMC is a "beneficiary" or has standing to sue. To the extent that the allegations in paragraph 47 assert legal conclusions concerning ERISA no response is required. UBF denies the reminder of the allegations in Paragraph 47.

48. UBF denies that "Patient 1" executed an "assignment of benefits" form, and denies that HUMC has "beneficiary" status. To the extent that the allegations in paragraph 48 assert legal conclusions concerning ERISA no response is required. UBF denies the remainder of the allegations in paragraph 48.

49. UBF denies that HUMC is a "beneficiary" and denies that HUMC is entitled to

recover any benefits under the UBF Plan. To the extent that the allegations in paragraph 49 assert legal conclusions concerning ERISA no response is required. UBF denies the remainder of the allegations in paragraph 49.

50. UBF denies that HUMC is a "beneficiary" and denies that HUMC is entitled to enforce any rights under the UBF Plan. To the extent that the allegations in paragraph 50 assert legal conclusions concerning ERISA no response is required. UBF denies the remainder of the allegations in paragraph 50.

51. UBF denies that HUMC is a "beneficiary" and denies that HUMC is entitled to clarify its alleged rights to benefits under the UBF Plan. To the extent that the allegations in paragraph 51 assert legal conclusions concerning ERISA no response is required. UBF denies the remainder of the allegations in paragraph 51.

52. UBF denies that Patient 1 assigned any rights to HUMC. To the extent that the allegations in paragraph 52 allege the contents of the UBF Plan, UBF avers that the document itself is the best evidence of its contents, refers the Court to the document for a complete and accurate statements of its contents, and denies the allegations to the extent that they differ from the document. UBF denies the remainder of the allegations in paragraph 52.

53. UBF denies that it violated ERISA or the terms of the Plan. UBF denies that it owes benefits to HUMC. UBF denies that HUMC is an assignee of Patient 1's alleged rights under the UBF Plan. To the extent that the allegations in paragraph 53 allege the contents of the UBF Plan, UBF avers that the document itself is the best evidence of its contents, refers the Court to the document for a complete and accurate statement of its contents, and denies the allegations to the extent that they differ from the document. UBF denies the remainder of the allegations in paragraph 53.

54. UBF denies that it violated ERISA. UBF denies that it has in any way caused damage to HUMC. UBF denies that HUMC is an assignee of any rights under the UBF Plan. UBF denies that HUMC is entitled to any restitution or other relief. To the extent that the allegations in paragraph 54 assert legal conclusions, no response is required. UBF denies the remainder of the allegations in paragraph 54.

55. UBF repeats and realleges each of the foregoing responses as if set forth in full herein.

56. UBF admits it is an ERISA-covered employee welfare benefits plan. To the extent that the allegations in paragraph 56 assert legal conclusions concerning ERISA no response is required. Except as specifically admitted, UBF denies the allegations in paragraph 56.

57. UBF avers it is self-insured. Except as specifically admitted, UBF denies the allegations in paragraph 57.

58. UBF admits that Omni is the plan administrator and Aetna is the third-party claims administrator for the UBF Plan. Except as specifically admitted, UBF denies the allegations in paragraph 58.

59. UBF denies that Patient 1 is entitled to coverage under the Plan. To the extent that the allegations in paragraph 59 allege the contents of the UBF Plan, UBF avers that the document itself is the best evidence of its contents, refers the Court to the document for a complete and accurate statement of its contents, and denies the allegations to the extent that they differ from the document. UBF denies the remainder of the allegations in paragraph 59.

60. UBF denies that "Patient 1" executed an "Assignment of Benefits" form, and denies that HUMC has an assignment of rights. UBF does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies

the allegations.

61. UBF avers its fiduciaries have discretionary authority relating to the management and administration of the UBF Plan including limited authority over Plan assets. UBF admits Aetna and Omni have discretion over administrative and ministerial functions only. To the extent that the allegations in paragraph 61 assert legal conclusions no response is required. Except as specifically admitted, UBF denies the allegations in paragraph 61.

62. UBF denies that HUMC is an assignee of Plan benefits or that Patient 1 or his spouse are beneficiaries of the UBF Plan. UBF denies that it owes a fiduciary duty to HUMC, Patient 1 or his spouse. To the extent that the allegations in paragraph 62 assert legal conclusions concerning ERISA, no response is required. UBF denies the remainder of the allegations in paragraph 62.

63. UBF denies that HUMC is an assignee of Plan benefits or that it owes a fiduciary duty to HUMC or Patient 1. To the extent that the allegations in paragraph 63 assert legal conclusions concerning ERISA, no response is required. UBF denies the remainder of the allegations in paragraph 63.

64. UBF denies that HUMC is an assignee of Plan benefits or that it owes a fiduciary duty to HUMC or Patient 1. UBF denies that it failed to make decisions in the interests of beneficiaries or act in accordance with Plan documents. To the extent that the allegations in paragraph 64 allege the contents of the UBF Plan, UBF avers that the document itself is the best evidence of its contents, refers the Court to the document for a complete and accurate statement of its contents, and denies the allegations to the extent that they differ from the document. To the extent that the allegations in paragraph 64 assert legal conclusions, no response is required. UBF denies the remainder of the allegations in paragraph 64.

65. UBF denies that HUMC is an assignee of Plan benefits or that it owes a fiduciary duty to HUMC or Patient 1. UBF denies that it misrepresented requirements for reimbursement under the Plan. To the extent that the allegations in paragraph 64 allege the contents of the UBF Plan, UBF avers that the document itself is the best evidence of its contents, refers the Court to the document for a complete and accurate statement of its contents, and denies the allegations to the extent that they differ from the document. UBF denies imposing preconditions to payment not contemplated by the Plan. UBF denies the remainder of the allegations in paragraph 65.

66. UBF denies that HUMC is an assignee of Plan benefits or that it owes a fiduciary duty to HUMC or Patient 1. UBF denies that it violated any fiduciary duty. UBF denies that it has in any way caused damage to HUMC. To the extent that the allegations in paragraph 66 assert legal conclusions no response is required. UBF denies the remainder of the allegations in paragraph 66.

67. UBF repeats and realleges each of the foregoing responses as if set forth in full herein.

68. UBF denies that HUMC is an assignee or authorized representative of Patient 1. To the extent the allegations in paragraph 68 assert legal conclusions, no response is required. UBF denies the remainder of the allegations in paragraph 68.

69. UBF denies that it underpaid HUMC's claim. UBF denies that it failed to provide HUMC with a full and fair review of any claim determination. UBF denies that it failed to provide HUMC with any required information. To the extent the allegations in paragraph 69 assert legal conclusions, no response is required. UBF denies the remainder of the allegations in paragraph 69.

70. UBF denies that it has failed to provide a meaningful administrative process for

challenging claims denials. To the extent the allegations in paragraph 70 assert legal conclusions, no response is required. UBF does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 and therefore denies the allegations.

71. UBF denies that it has in any way caused harm to HUMC. UBF denies that it has failed to disclose any required information or comply with claims procedure regulations. To the extent the allegations in paragraph 71 assert legal conclusions, no response is required. UBF denies the remainder of the allegations in paragraph 71.

72. UBF denies that it has failed to provide a full and fair review, disclose required information or comply with claims procedure regulations. To the extent the allegations in paragraph 72 assert legal conclusions, no response is required. UBF denies the remainder of the allegations in paragraph 72.

WHEREFORE, UBF denies Plaintiff is entitled to any of the relief sought in the prayer for relief. UBF demands judgment in its favor, dismissal with prejudice of the claims against it, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

UBF asserts the following defenses based on information that is presently available to UBF. As such, UBF reserves the right to amend these defenses as additional information becomes available.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against UBF upon which relief can be granted.

## SECOND DEFENSE

Venue in this Court is improper under ERISA § 502(e)(2).

## THIRD DEFENSE

Plaintiff does not have standing to assert claims against UBF.

## FOURTH DEFENSE

UBF owes no fiduciary duty to "Patient 1" or Plaintiff.

## FIFTH DEFENSE

Plaintiff does not have an assignment of benefits from "Patient 1" and cannot assert his rights against UBF.

## SIXTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, accord and satisfaction, and/or unclean hands.

## SEVENTH DEFENSE

The amount sought by Plaintiff for the alleged services rendered is not covered by the Fund's plan, is in excess of the amount allowed by the Fund's plan, is unreasonable and/or unconscionable, and/or is violative of state or federal law.

## EIGHTH DEFENSE

The alleged services rendered by Plaintiff are not covered by the Fund's plan, were not medically necessary, were unreasonable and/or unconscionable, did not receive pre-authorization and/or are violative of state or federal law.

## NINTH DEFENSE

Patient 1 failed to timely execute a COBRA election form, and thus is not a Plan beneficiary.

### TENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust administrative and/or contractual remedies and to perform all conditions precedent.

### ELEVENTH DEFENSE

Plaintiff's Complaint must be dismissed for its failure to join one or more indispensable parties.

### TWELFTH DEFENSE

Plaintiff has failed to mitigate any damages it allegedly sustained.

### THIRTEENTH DEFENSE

UBF properly and reasonably exercised its discretion under its plan concerning any health benefits allegedly provided, and such discretion was not arbitrary or capricious.

### FOURTEENTH DEFENSE

No privity of contract exists between UBF and Plaintiff.

### FIFTEENTH DEFENSE

Plaintiff is not an intended third-party beneficiary of any contract between UBF and any other party.

### SIXTEENTH DEFENSE

The Plan excludes from coverage hospitalization for which no charge is made and Plaintiff did not charge Patient 1 for the services allegedly provided.

## SEVENTEENTH DEFENSE

Plaintiff provided unnecessary "intensive care" or "emergency" services to Patient 1 long after Patient 1 was stabilized and should have been transferred to a less expensive facility.

Dated: New York, New York
       March 11, 2016

>                                GORLICK, KRAVITZ
>                                & LISTHAUS, P.C.
>
>                                _____
>                                Mark H. Ginsberg (MG2067)
>                                17 State Street, 4th Floor
>                                New York, New York 10004
>                                (212) 269-2500
>                                mginsberg@gkllaw.com