**PROSKAUER ROSE LLP**
Alychia L. Buchan
One Newark Center
Newark, NJ 07102
P: 973.274.3236
F: 973.274.3299
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted pro hac vice)*
Joseph E. Clark *(admitted pro hac vice)*
Eleven Times Square
New York, NY 10036
P: 212.969.3000
F: 212.969.2900
rhirschhorn@proskauer.com
jclark@proskauer.com
*Counsel for Defendant Omni Administrators Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUM COPCO LLC, d/b/a CAREPOINT HEALTH – HOBOKEN UNIVERSITY MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC.,<br><br>Defendants. | Case 2:16-cv-00168-KM-MAH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
OMNI ADMINISTRATORS INC.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................... 2

    HUMC ............................................................................................................ 2

    The Defendants ............................................................................................. 2

    HUMC's Complaint ...................................................................................... 2

ARGUMENT ......................................................................................................... 4

    I.    HUMC's Claim For Breach Of
           Fiduciary  Duty Should Be Dismissed ............................................. 4

    II.    HUMC's Claim For Violation Of
           ERISA § 503 Should Be Dismissed ................................................ 6

CONCLUSION ...................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Chang v. Life Ins. Co. of N. Am.*,
  No. 08-0019, 2008 WL 2478379 (D.N.J. June 17, 2008) ....................................7

*Cohen v. Horizon Blue Cross Blue Shield of N.J.*,
  No. 2:13-CV-03057, 2013 WL 5780815 (D.N.J. Oct. 25, 2013)........................7

*Emil v. Unum Life Ins. Co. of Am.*,
  No. 02-2019, 2003 WL 256781 (M.D. Pa. Feb. 5, 2003)....................................8

*Erbe v. Billeter*,
  No. 06-113, 2007 WL 2905890 (W.D. Pa. Sept. 28, 2007) ................................8

*Hozier v. Midwest Fasteners, Inc.*,
  908 F.2d 1155 (3d Cir. 1990) ..............................................................................5

*Mass. Mut. Life Ins. Co. v. Russell*,
  473 U.S. 134 (1985).............................................................................................4

*Menkowitz v. Blue Cross Blue Shield of Ill.*,
  No.14-2946, 2014 WL 5392063 (D.N.J. Oct. 23, 2014).....................................5

*Miller v. Am. Airlines, Inc.*,
  632 F.3d 837 (3d Cir. 2011) ................................................................................7

*Piscopo v. Pub. Serv. Elec. and Gas Co.*,
  No.13-552, 2015 WL 3938925 (D.N.J. Jun. 25, 2015) .......................................7

*Prof'l Orthopedic Assocs., Pa v. Horizon Blue Cross Blue Shield of N.J.*,
  No. 2:13-CV-03057, 2014 WL 2094045 (D.N.J. May 20, 2014) ...................5, 8

*Varity Corp.v. Howe*,
  516 U.S. 489 (1996).............................................................................................7

**STATUTES**

ERISA § 409(a), 29 U.S.C § 1109(a) ...................................................................................4

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ..........................................passim

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) .....................................................passim

ERISA § 502(a)(3), 29 U.S.C. 1132(a)(3) ........................................................passim

ERISA § 503, 29 U.S.C. § 1133 ........................................................................passim


**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................1

Defendant Omni Administrators Inc. ("Omni") respectfully submits this memorandum of law in support of its motion to dismiss, with prejudice, the Amended Complaint filed by Plaintiff HUMC OPCO LLC, d/b/a Carepoint Health – Hoboken University Medical Center ("HUMC"). This motion seeks dismissal of the Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

HUMC commenced this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA") in an attempt to recover an alleged underpayment in benefits from Defendant United Benefit Fund. As HUMC admits in its Amended Complaint, the benefits HUMC seeks in this lawsuit are payable, if at all, solely from the United Benefit Fund, not Omni. Indeed, HUMC does not name Omni as a Defendant for purposes of its claim for benefits under Section 502(a)(1)(B) of ERISA (Count I).

HUMC's claims against Omni in Counts II and III should be dismissed for failure to state a claim for relief. First, HUMC's breach of fiduciary duty claim against Omni should be dismissed because Section 502(a)(2) of ERISA only authorizes plan-wide relief and HUMC seeks an alleged underpayment of benefits to HUMC itself. Second, HUMC's claim that Omni violated Section 503 of ERISA should be dismissed because: (i) Section 503 does not provide an

independent cause of action; and (ii) insofar as HUMC contends that the alleged violation of Section 503 gives rise to a claim under Section 502(a)(3), it seeks the same relief sought in its first cause of action.

In short, HUMC's Amended Complaint should be dismissed with prejudice as against Omni.

## STATEMENT OF FACTS

This Statement of Facts is based on the allegations in the Amended Complaint, which are presumed true solely for purposes of this Motion.

***HUMC.***  HUMC operates a hospital under the business name Carepoint Health– Hoboken University Medical Center.  (¶ 9.)[1]

***The Defendants.***  The United Benefit Fund (the "Fund" or "Plan") is a multiemployer health and welfare plan that provides medical and other benefits to eligible participants and beneficiaries.  (¶ 10.)  Omni is the Plan Administrator for the Fund.  (¶11.)  Aetna Health Inc. ("Aetna") is the third party claims administrator for the Fund.  (¶ 12.)  The Fund is the entity responsible for paying benefits, *not* Omni or Aetna.  (¶¶ 43, 57.)

***HUMC's Complaint.***  HUMC alleges that it provided medical treatment to an individual covered by the Fund ("Patient 1") for nearly one year and that it has not been paid all of the benefits due for the services it provided to Patient 1.  (¶¶ 1-

---

[1] All "¶" references are to the Amended Complaint (Dkt. 4).

2

2, 16-24.) HUMC further alleges that, in connection with Patient 1's treatment, Patient 1 executed an assignment of benefits "in which he assigned to HUMC the right to benefits under the Plan." (¶ 26.) On the basis of these allegations, HUMC asserts three causes of action, and *only* Counts II and III are asserted against Omni:

- <u>Count I</u>: A claim for benefits under the Plan pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), against the Fund only. (¶¶ 41-54.)

- <u>Count II</u>: A claim under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), that all Defendants breached their fiduciary duty by: (a) "basing their reimbursement decisions on maximizing profits to Defendants rather than on the terms of the Plan and applicable statutes and regulations; failing to make decisions in the interests of beneficiaries; and failing to act in accordance with the Plan documents" (¶ 64); and (b) "failing to inform HUMC – as assignee of benefits – of material information, by misrepresenting requirements for reimbursement under the Plan, and imposing unduly burdensome preconditions to payment not contemplated by the Plan" (¶ 65). (¶¶ 55-66.)

- <u>Count III</u>: A claim that HUMC was denied a full and fair review of its claims for benefits in violation of Section 503 of ERISA, 29 U.S.C. § 1133. (¶¶ 67-72.)

3

# ARGUMENT

## I. HUMC'S CLAIM FOR BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED

HUMC's breach of fiduciary duty claim against Omni (Count II) should be dismissed because Section 502(a)(2) of ERISA does not authorize the individual relief HUMC seeks. Section 502(a)(2) of ERISA authorizes a civil action to be commenced "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 409 of ERISA in turn provides that:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable *to make good to such plan any losses to the plan* resulting from each such breach, and *to restore to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a) (emphasis added).

The Supreme Court has held that Section 502(a)(2) authorizes relief for the benefit of the plan *only*. Thus, participants and beneficiaries (or their assignees) who sue under Section 502(a)(2) may *not* recover individual relief. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). Since *Russell*, courts have

4

consistently dismissed claims under Section 502(a)(2) insofar as they sought recovery of individual relief. *See*, *e.g.*, *Hozier v. Midwest Fasteners, Inc.*, 908 F.2d 1155, 1158, 1162 n.7 (3d Cir. 1990) (ruling that because plaintiffs sought severance benefits allegedly owed to them in their individual capacities as a result of amendments made to the plan, they could not seek relief under Section 502(a)(2)); *Menkowitz v. Blue Cross Blue Shield of Ill.*, No.14-2946, 2014 WL 5392063, *4 (D.N.J. Oct. 23, 2014) (dismissing Section 502(a)(2) claim because plaintiffs' claim for alleged underpayment of benefits sought relief for themselves only and not relief that would inure to the benefit of the plan as a whole); *Prof'l Orthopedic Assocs., Pa v. Horizon Blue Cross Blue Shield of N.J.*, No. 2:13-CV-03057, 2014 WL 2094045, at *4 (D.N.J. May 20, 2014) (same).

As the Amended Complaint makes clear, the crux of all of HUMC's claims is that it seeks relief for alleged underpayment of benefits to HUMC. Indeed, HUMC's Prayer for Relief seeks a judgment:

- "awarding damages for unpaid out-of-network benefits",
- "ordering Defendants to pay benefits in accordance with the terms of the Plan",
- "declaring that Defendants have violated the terms of the Plan",
- "[a]warding . . . reimbursements improperly withheld",
- "[r]equiring Defendants to make full payment on all previously denied

5

        charges relating to HUMC's claims for reimbursement under the Plan for the services it provided to Patient 1", and

- "[r]equiring Defendants pay HUMC the benefit amounts as required under the Plan."

(Amended Complaint, at Prayer for Relief.)

In short, HUMC's claim for breach of fiduciary duty (Count II) should be dismissed.

## II.   HUMC'S CLAIM FOR VIOLATION OF ERISA § 503 SHOULD BE DISMISSED

HUMC's claim that Omni violated Section 503 of ERISA should be dismissed because: (i) Section 503 does not provide an independent cause of action; and (ii) insofar as HUMC contends that the alleged violation of Section 503 gives rise to a claim under Section 502(a)(3), it seeks the same relief sought in Count I.

Section 503(2) of ERISA requires that every employee benefit plan "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). Courts have repeatedly held that Section 503 of ERISA does not confer a private right of action. Indeed, "while complying with § 503 may be 'probative of whether the decision to deny benefits was arbitrary and capricious,' § 503 itself does not provide an independent cause of

action." *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 2:13-CV-03057, 2013 WL 5780815, at *9 (D.N.J. Oct. 25, 2013) (quoting *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 851 (3d Cir. 2011); *see Piscopo v. Pub. Serv. Elec. and Gas Co.*, No.13-552, 2015 WL 3938925, at *5 (D.N.J. Jun. 25, 2015).

To the extent that HUMC contends that the alleged violation of Section 503 gives rise to a claim under Section 502(a)(3) (*see* ¶ 72), such a claim would fare no better. Section 502(a)(3) of ERISA authorizes a civil action to be commenced:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

The Supreme Court observed that "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to . . . the payment of claims" in Section 502(a)(1)(B) "that runs directly to the injured beneficiary." *Varity Corp.v. Howe*, 516 U.S. 489, 512 (1996). Since *Varity*, courts have held that when a plaintiff brings actions under sections 502(a)(1)(B) and 502(a)(3) and the latter merely duplicates the relief sought under the former, appropriate relief is available under section 502(a)(1)(B), and the section 502(a)(3) claim must be dismissed. *See Chang v. Life Ins. Co. of N. Am.*, No. 08-0019, 2008 WL 2478379, at *4 (D.N.J. June 17, 2008) (Plaintiff's Section 502(a)(3) claim "appears to be nothing more

7

than an attempt to couch the request for relief it had previously set forth in [its Section 502(a)(1)(B) claim] in the language of equity. To allow Plaintiff to proceed with [its Section 502(a)(3) claim] would lead to a significant waste of the Court's and the parties' resources."); *Erbe v. Billeter*, No. 06-113, 2007 WL 2905890 (W.D. Pa. Sept. 28, 2007) (collecting cases); *Emil v. Unum Life Ins. Co. of Am.*, No. 02-2019, 2003 WL 256781 (M.D. Pa. Feb. 5, 2003) ("Plaintiff's claim for breach of fiduciary duty is no more than a claim that Defendant wrongfully denied him benefits under the terms of the plan. Congress' creation of a specific remedy for the wrongful denial of benefits in § 1132(a)(1) makes it inappropriate for Plaintiff to pursue an overlapping claim for breach of fiduciary duty here.") (citations omitted).

Here, Count III of the Complaint makes clear that the relief sought is for the alleged underpayment of benefits (¶¶ 64-65), and that is the same relief that is indisputably sought in Count I pursuant to section 502(a)(1)(B). Furthermore, given that Count III seeks relief in the form of an alleged underpayment of benefits – *i.e.*, legal damages – it also is dismissible for failure to seek appropriate equitable relief. *See*, *e.g.*, *Prof'l Orthopedic Assocs., Pa.*, 2014 WL 2094045, at *3.

In short, HUMC's claim for failure to provide a full and review (Count III) should be dismissed.

## **CONCLUSION**

For the aforementioned reasons, Defendant Omni respectfully requests that HUMC's Amended Complaint be dismissed with prejudice.

Dated: March 22, 2016  Respectfully submitted,
Newark, NJ

**PROSKAUER ROSE LLP**


By:  /s/ Alychia L. Buchan
   Alychia L. Buchan
One Newark Center
Newark, NJ 07102
P: 973.274.3236
F: 973.274.3299
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted pro hac vice)*
Joseph E. Clark *(admitted pro hac vice)*
Eleven Times Square
New York, NY 10036
P: 212.969.3000
F: 212.969.2900
rhirschhorn@proskauer.com
jclark@proskauer.com

*Counsel for Defendant Omni Administrators Inc.*