# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH - HOBOKEN UNIVERSITY MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC.,<br><br>    Defendants. | Civil Action No.<br>2:16-cv-00168 (KM/MAH) |

_____

**BRIEF OF PLAINTIFF HUMC OPCO, LLC d/b/a CAREPOINT HEALTH – HOBOKEN UNIVERSITY MEDICAL CENTER IN OPPOSITION TO DEFENDANT OMNI ADMINISTRATORS INC.'S MOTION TO DISMISS**
_____

                                        **K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
*Attorneys for Plaintiff*
*HUMC OPCO, LLC,*
*d/b/a CarePoint Health – Hoboken*
*University Medical Center*

ANTHONY P. LA ROCCO
GEORGE P. BARBATSULY
STACEY A. HYMAN
    On the Brief

# TABLE OF CONTENTS

                                                                         **Page**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ..........................................................................................3

LEGAL ARGUMENT .................................................................................................6

OMNI'S MOTION TO DISMISS MUST BE DENIED ............................................6

    I.       Standard of Review .........................................................................................6

    II.      HUMC Properly Pleads a Breach of Fiduciary Duty Claim against Omni .....7

    III.     HUMC Properly Pleads a Claim against Omni for Violating its Duty to Provide a Full and Fair Review under ERISA Section 503 ..........................11

CONCLUSION .........................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

Garlanger v. Verbeke,
    223 F. Supp. 2d 596 (D.N.J. 2002) ..................................................................6

Hahnemann University Hosp. v. All Shore, Inc.,
    514 F. 3d 300 (3d Cir. 2008) ............................................................................9

Hozier v. Midwest Fasteners, Inc.,
    908 F.2d 1155 (3d Cir. 1990) ................................................................ 10, 11

Massachusetts Mut. Life Ins. Co. v. Russell,
    473 U.S. 134 (1985) .........................................................................................7

Menkowitz v. Blue Cross Blue Shield of Ill.,
    No.14-2946, 2014 WL 5392063 (D.N.J. Oct. 23, 2014) ...............................11

Phillips v. County of Allegheny,
    515 F.3d 224 (3d Cir. 2008) ............................................................................6

Prof'l Orthopedic Assocs., Pa v. Horizon Blue Cross Blue Shield of N.J.,
    No. 2:13-CV-03057, 2014 WL 2094045 (D.N.J. May 20, 2014) .................11

Trump Hotels & Casinos Resorts, Inc. v. Mirage Resorts, Inc.,
    140 F.3d 478 (3d Cir. 1998) ............................................................................6

Varity Corp. v. Howe,
    516 U.S. 489 (1996) ........................................................................ 2, 8, 9, 12

### **Statutes**

29 U.S.C. § 1001 *et seq* ..............................................................................................1, 4

29 U.S.C. § 1001(b) ........................................................................................................9

29 U.S.C. § 1104 .........................................................................................................1, 9

29 U.S.C. § 1104(a) ........................................................................................................9

29 U.S.C. § 1104(a)(1)(A) ..............................................................................................8

29 U.S.C. § 1104(a)(1)(B) ..............................................................................................8

29 U.S.C. § 1104(a)(1)(D) ..............................................................................................8

29 U.S.C. § 1109 .........................................................................................................1, 7

29 U.S.C. § 1132(a)(1)(B) ............................................................................................12

29 U.S.C. § 1132(a)(2) ................................................................................................... 7
29 U.S.C. § 1132(a)(3) ................................................................................................... 2
29 U.S.C. § 1132(b)(3) ................................................................................................... 8
29 U.S.C. § 1133 ........................................................................................................... 1
29 U.S.C. § 1133(2) ..................................................................................................... 12

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 6, 7

## PRELIMINARY STATEMENT

Plaintiff HUMC OPCO LLC, d/b/a CarePoint Health – Hoboken University Medical Center ("HUMC"), submits this brief in opposition to the motion to dismiss of defendant Omni Administrators Inc. ("Omni"). HUMC, which operates a community hospital located in Hoboken, New Jersey, brings claims against defendants United Benefit Fund ("UBF"), Omni, and Aetna Health Inc. ("Aetna") (collectively, "Defendants"), for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. HUMC contends that UBF substantially underpaid HUMC under the UBF-sponsored Plan of Benefits ("Plan") for a claim related to a patient's ("Patient 1") very serious emergency that required 358 consecutive days of treatment at HUMC. Among other things, HUMC alleges in Counts Two and Three of the Amended Complaint that Defendants violated their fiduciary duties to HUMC (as Patient 1's assignee) under ERISA Section 404, 29 U.S.C. § 1104, and denied HUMC a full and fair review as required by ERISA Section 503, 29 U.S.C. § 1133.

In seeking dismissal of HUMC's claims against it in Counts Two and Three, Omni misconstrues HUMC's claims and the governing law. Omni argues that HUMC's breach of fiduciary duty claim in Count Two fails because ERISA Section 502(a)(2) only authorizes plan-wide relief for violations of fiduciary obligations under ERISA Section 409, 29 U.S.C. § 1109. However, HUMC is not

proceeding under Section 409. Rather, HUMC alleges that Omni and the other Defendants violated ERISA Section 404, which requires plan fiduciaries to discharge their duties solely in the interest of plan participants and beneficiaries, and for the exclusive purpose of providing benefits and defraying reasonable administrative expenses. The Supreme Court, in Varity Corp. v. Howe, 516 U.S. 489 (1996), expressly recognized that plan beneficiaries may pursue individual claims for appropriate equitable relief against ERISA fiduciaries to redress Section 404 violations under ERISA's catchall remedial provision, Section 502(a)(3), 29 U.S.C. § 1132(a)(3). HUMC pleads such a claim here in Count Two.

Omni further argues that HUMC's claim in Count Three, based on Defendants' failure to provide HUMC a full and fair review as required by ERISA Section 503, fails because Section 503 does not provide a private right of action. However, as with its claim in Count Two, HUMC may pursue a claim for appropriate equitable relief to redress Section 503 violations through the catchall remedial provision of Section 502(a)(3). HUMC does so here in Count Three.

For all of these reasons and others, discussed more fully below, Omni's motion to dismiss should be denied in its entirety.

## STATEMENT OF FACTS

The allegations of the Amended Complaint, which must be accepted as true for purposes of this motion, demonstrate that HUMC operates a licensed general acute care hospital in Hoboken, New Jersey. From May 29, 2014, until May 22, 2015, HUMC provided extensive emergent, medically necessary treatment to Patient 1. (Am. Compl., ECF Dkt. No. 4, ¶¶ 2, 17). Patient 1 presented himself to HUMC's Emergency Department, was admitted to the hospital for a life-threatening condition, and continued to receive medically necessary treatment from HUMC for 358 consecutive days thereafter. (Id.). For his lengthy in-patient stay and the medically necessary care he received at HUMC, Patient 1 incurred total charges of $7,702,491.32. (Id. at ¶ 3). Of that amount, UBF, as Patient 1's insurer, is liable to HUMC, as Patient 1's assignee, for at least $789,446.88, representing the benefit amounts payable under the UBF Plan. (Id. at ¶ 4).[1]

To date, UBF, through Omni (the Plan Administrator) and Aetna (the Plan's third-party claims administrator), has refused to reimburse HUMC more than $12,907.18, leaving an unpaid balance under the Plan of at least $776,539.70. (Id. at ¶ 5). Moreover, Omni and the other defendants have refused to provide HUMC

---

[1] As discussed more fully in HUMC's brief in opposition to Aetna's motion to dismiss, if the Plan lost its "grandfathered" status under the Affordable Care Act ("ACA") -- a fact which Defendants have, to date, refused to confirm--then the amounts payable under the Plan are even higher. (ECF Dkt. No. 28, at pp. 5-6 & n.1).

any meaningful avenue of review of UBF's underpayments. (Id. at ¶ 5). In particular, Omni refused to respond to HUMC's letter appealing UBF's underpayment. Instead, by e-mail dated October 14, 2015, a representative of Omni advised HUMC, without analysis, that it believed that HUMC had been "paid in full by the plan." (Id., at ¶ 34). This Omni representative further stated that Omni is not required to provide HUMC with information regarding the Plan's grandfathered status under the ACA. (Id.). Contrary to the express language of the Plan -- which requires that all appeals be sent to Omni -- the Omni representative further stated in his e-mail that his company would refuse to field any further calls or e-mails from HUMC, and that all inquiries regarding the claim for the services provided to Patient 1 should be directed to Aetna. (Id.).

HUMC alleges that Defendants' conduct violates ERISA, 29 U.S.C. § 1001 *et seq*. (Id. at ¶ 8). Pertinent to this motion, in Counts Two and Three of the Amended Complaint, HUMC asserts ERISA claims against Omni and the other defendants for breach of fiduciary duty and failure to provide HUMC with a full and fair review of HUMC's claim under the Plan for the treatment it provided to Patient 1. (Id. at ¶¶ 55-72).

In Count Two, HUMC alleges that Defendants breached their fiduciary duties to HUMC under ERISA Section 404 by, among other things: basing their reimbursement decisions on maximizing profits to Defendants rather than on the

4

terms of the Plan and applicable statutes and regulations; failing to make decisions in the interests of beneficiaries; and failing to act in accordance with the Plan documents. (Id. at ¶¶ 63, 64).

In Count Three, HUMC asserts that Defendants failed to provide HUMC with a full and fair review required by ERISA Section 503 by, among other actions: refusing to provide the specific reason or reasons for the substantial underpayment on HUMC's claims on behalf of Patient 1; refusing to provide the specific plan provisions relied upon to support the underpayment; refusing to provide the specific rule, guideline, or protocol relied upon in making the decision to deny or underpay these claims; refusing to describe any additional material or information necessary to perfect a claim; refusing to notify the relevant parties that they are entitled to have, free of charge, all documents, records and other information relevant to the claims for benefits; refusing to provide a statement describing any appeals procedure available, or a description of all required information to be given in connection with that procedure; and refusing to provide information necessary to enable HUMC to ascertain the Plan's grandfathered status under the ACA. (Id. at ¶ 69).

HUMC seeks judgment, inter alia, declaring that Defendants violated their fiduciary duties under ERISA Section 404 and failed to provide HUMC a "full and fair review" as required by ERISA Section 503. (Id., Prayer for Relief, ¶¶ B, C).

5

HUMC also seeks all appropriate injunctive, declaratory, and other equitable relief to ensure compliance with ERISA.  (Id.).

## LEGAL ARGUMENT

## OMNI'S MOTION TO DISMISS MUST BE DENIED

### I.     Standard of Review

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts all well-plead, material allegations in the complaint as true and any reasonable inferences that can be drawn therefrom.  Garlanger v. Verbeke, 223 F. Supp. 2d 596, 600 (D.N.J. 2002).   The complaint is construed in the light most favorable to the plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Dismissal of claims under Rule 12(b)(6) should be granted "only if, after accepting as true all facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  Trump Hotels & Casinos Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).

Here, as discussed further below, ERISA Section 502(a)(3) permits HUMC to pursue its claims against Omni in Counts Two and Three to obtain appropriate equitable relief to redress Defendants' violations of ERISA Sections 404 and 503.

Thus, dismissal of HUMC's claims against Omni under Fed. R. Civ. P. 12(b)(6) is inappropriate.[2]

## II. HUMC Properly Pleads a Breach of Fiduciary Duty Claim against Omni

Omni wrongly argues that HUMC may not pursue a breach of fiduciary duty claim on its own behalf. Omni relies on Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134 (1985), in which the Supreme Court held that breach of fiduciary duty actions under ERISA Sections 409 and 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2), must "be brought in a representative capacity on behalf of the plan as a whole." 473 U. S. at 142 n.9. Omni notes that ERISA Section 502(a)(2) authorizes civil actions for appropriate relief under ERISA Section 409, and Section 409, in turn, only provides for plan-wide relief. (Omni Br. at 4). Omni contends that these sections, as applied by Russell, prevent HUMC from pursuing a breach of fiduciary duty claim on its own behalf. (Id. at 4-6).

Omni's argument overlooks the Supreme Court's opinion in Varity, which post-dated Russell. In Varity, the Supreme Court explained that Russell did not prevent an ERISA beneficiary from pursuing a breach of fiduciary duty claim for

---

[2] For the reasons discussed more fully in HUMC's brief in opposition to Aetna's motion to dismiss (ECF Dkt. No. 28), which HUMC incorporates herein by reference, HUMC pleads more than sufficient detail to plausibly allege that Omni in fact violated its obligations under ERISA Sections 404 and 503. Omni does not allege otherwise, but instead, confines its argument to its position that HUMC may not pursue causes of action against Omni for these violations.

7

appropriate equitable relief under Section 502(b)(3), one of ERISA's catchall remedial provisions. Varity, 516 U.S. at 507-15. Section 502(b)(3) authorizes a civil action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(b)(3). The plaintiffs in Varity alleged violations of ERISA Section 404, not Section 409.[3]  The Supreme Court in Varity noted that the words of Section 502(b)(3) -- "appropriate equitable relief" to "redress" any "act or practice which violates any provision of this title" -- "are broad enough to cover individual relief for breach of a fiduciary obligation." Varity, 516 U.S. at 510.

The Court in Varity further reasoned that ERISA's "basic purpose favors a reading of [Section 502(b)(3)] that provides plaintiffs with a remedy." Varity, 516 U.S. at 513.  The Court noted that the statute itself provides that it seeks "'to protect . . . the interests of participants . . . and . . . beneficiaries . . . by establishing

---

[3] Section 404 requires a fiduciary, inter alia, to discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of . . . providing benefits to participants and their beneficiaries; and . . . defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A).  It further requires fiduciaries to act with the care, skill, prudence and diligence that a prudent administrator would use in the conduct of an enterprise of like character; and in accordance with the Plan documents. 29 U.S.C. § 1104(a)(1)(B), (D).

8

standards of conduct, responsibility, and obligation for fiduciaries . . . and . . . providing for appropriate remedies . . . and ready access to the Federal courts.'" Id. (quoting 29 U.S.C. § 1001(b)). The Court added that "Section 404(a), in furtherance of this general objective, requires fiduciaries to discharge their duties 'solely in the interest of the participants and beneficiaries.'" Id. (quoting 29 U.S.C. § 1104(a)). The Court concluded, "[g]iven these objectives, it is hard to imagine why Congress would want to immunize breaches of fiduciary obligations that harm individuals by denying injured beneficiaries a remedy." Id.

Here, HUMC alleges that, Omni and the other Defendants owed fiduciary duties to HUMC as an assignee of Patient 1's rights under the Plan.[4] HUMC further alleges that Defendants breached their fiduciary duties to HUMC under ERISA Section 404 by, among other things: basing their reimbursement decisions on maximizing profits to Defendants rather than on the terms of the Plan and applicable statutes and regulations; failing to make decisions in the interests of beneficiaries; and failing to act in accordance with the Plan documents. (Am.

---

[4] The Third Circuit has recognized that a health care provider with an assignment of benefits from the patient stands in the shoes of the beneficiary and may assert ERISA claims against plan fiduciaries. See, e.g., Hahnemann University Hosp. v. All Shore, Inc., 514 F. 3d 300, 310 (3d Cir. 2008) ("Upon reviewing the record with respect to the circumstances surrounding the payment (or lack thereof) of benefits to Hahnemann, there is ample evidence to support the finding that Allshore, Inc. breached a fiduciary duty that it owed to Hahnemann as assignee of the patient in this case.") (citing 29 U.S.C. § 1104). Omni does not argue otherwise.

Compl., ECF Dkt. No. 4, at ¶¶ 63-65). HUMC seeks a judgment declaring that Defendants violated Section 404 and "awarding injunctive, declaratory and other equitable relief to ensure compliance with ERISA." (Id., Prayer for Relief, ¶ B). Consistent with Varity, HUMC may pursue individual claims for appropriate equitable relief against ERISA fiduciaries to redress Section 404 violations under the catchall remedial provision of Section 502(a)(3).[5]

The cases Omni cites (Omni Br. at 4-5) are inapposite, as they all concern claims under ERISA Section 502(a)(2) for relief under Section 409. See Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1162 n.7 (3d Cir. 1990) ("Because plaintiffs here seek to recover benefits allegedly owed to them in their individual capacities, their action is plainly not authorized by either § 409 or § 502(a)(2).");

---

[5] HUMC acknowledges that it incorrectly cites ERISA Sections 409 and 502(a)(2) in the last paragraph of Count Two of its Amended Complaint. (Am. Compl., ECF Dkt. No. 4, ¶ 66). As just discussed, HUMC's breach of fiduciary duty claim in Count Two is actually premised on violations of ERISA Section 404, not Section 409 (see id. at ¶¶ 63, 64, 65) and, therefore, is appropriately enforced under ERISA's catchall remedial provision of 502(a)(3). HUMC also acknowledges a typographical error in the statutory citation to ERISA Section 404 in Section B of the prayer for relief--the correct citation is 29 U.S.C. § 1104, not 1106. To the extent the Court deems it appropriate, HUMC respectfully seeks leave to further amend its complaint to correct these errors. Cf. Phillips, 515 F.3d at 236 ("if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile"). Such a curative amendment would be neither inequitable nor futile because this case is in the early pleading stage, and the Supreme Court in Varity expressly recognized that plan beneficiaries may pursue claims for appropriate equitable relief for Section 404 violations such as that alleged by HUMC in Count Two of the Amended Complaint.

Menkowitz v. Blue Cross Blue Shield of Ill., No.14-2946, 2014 WL 5392063, *4 (D.N.J. Oct. 23, 2014) (dismissing claim under Section 502(a)(2) where plaintiffs sought relief for themselves rather than relief that would inure to the benefit of the plan as a whole); Prof'l Orthopedic Assocs., Pa v. Horizon Blue Cross Blue Shield of N.J., No. 2:13-CV-03057, 2014 WL 2094045, at *4 (D.N.J. May 20, 2014) (same).  None of these cases address individual claims for equitable relief under Section 502(a)(3) to redress violations of ERISA Section 404, such as that found viable in Varity.[6]  Because HUMC's breach of fiduciary duty claim in Count Two, by contrast, is the type of claim specifically contemplated by Varity, Omni's motion to dismiss Count Two should be denied.

### III. HUMC Properly Pleads a Claim against Omni for Violating its Duty to Provide a Full and Fair Review under ERISA Section 503

Omni's motion to dismiss HUMC's claim against it in Count Three for violating Section 503 also should be denied.  Section 503 requires every employee benefit plan, inter alia, to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate

---

[6] In Hozier, which predated Varity, the Third Circuit concluded that the defendants had not breached any fiduciary duties and, therefore, declined to "speculate as to the circumstances, if any, under which allowing individual participants to recover directly from a fiduciary can be justified under any of ERISA's other remedial provisions, an issue also reserved by the Supreme Court in Russell." Hozier, 908 F.3d at 1162 n.7.  As set out above, the Supreme Court in Varity later found that plan beneficiaries could pursue breach of fiduciary claims in their individual capacities under ERISA's catchall remedial provision of Section 502(a)(3).

11

named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). HUMC alleges a series of actions by Omni and the other Defendants in violation of this duty. (Am. Complaint, ECF Dkt. No. 4, ¶ 34; see also id. ¶ 69). Omni argues that Section 503 does not provide an independent cause of action. (Omni Br. at 6-7). However, consistent with Varity's rationale, HUMC may pursue a claim for appropriate equitable relief to redress Section 503 violations through the catchall remedial provision of Section 502(a)(3). See Varity, 516 U.S. at 512 (noting that ERISA Sections 502(a)(3) and 502(a)(5) create "two 'catchalls,' providing 'appropriate equitable relief' for 'any' statutory violation"). HUMC's claim in Count Three seeks equitable relief to remedy Defendants' myriad violations of Section 503. (Am. Complaint, ECF Dkt. No. 4, ¶ 72, Prayer for Relief, ¶ C). Under Varity, this is appropriate.

Omni further argues that HUMC should not be permitted to invoke Section 502(a)(3) to redress Omni's violations of Section 503 because, according to Omni, such a claim would duplicate HUMC's denial of benefits claim in Count One under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (Omni Br.at 7-8). This argument fails for the obvious reason that HUMC has not pled a claim against Omni under Section 502(a)(1)(B). HUMC's denial of benefits claim in Count One is directed against UBF only as the sponsor of the Plan. (Am. Complaint, ECF Dkt. No. 4, ¶¶ 41-54). HUMC asserts separate and non-duplicative claims against

Omni, the Plan Administrator, for appropriate equitable relief in Count Three for violating its independent obligation under Section 503 to provide HUMC with a full and fair review. Thus, Omni's motion to dismiss HUMC's claim in Count Three also should be denied.

## CONCLUSION

For all of the foregoing reasons, HUMC respectfully requests that the Court deny Omni's motion to dismiss in its entirety.

Respectfully submitted,

**K&L GATES LLP**
*Attorneys for HUMC OPCO LLC, d/b/a CarePoint Health - d/b/a Hoboken University Medical Center*

By: /s/ Anthony P. La Rocco
Anthony P. La Rocco
Member of the Firm

Dated: April 18, 2016

13