**PROSKAUER ROSE LLP**
Alychia L. Buchan
One Newark Center
Newark, NJ 07102
P: 973.274.3236
F: 973.274.3299
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted pro hac vice)*
Joseph E. Clark *(admitted pro hac vice)*
Eleven Times Square
New York, NY 10036
P: 212.969.3000
F: 212.969.2900
rhirschhorn@proskauer.com
jclark@proskauer.com
*Counsel for Defendant Omni Administrators Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH – HOBOKEN UNIVERSITY MEDICAL CENTER,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC.,<br><br>        Defendants. | Case 2:16-cv-00168-KM-MAH |

**REPLY BRIEF IN SUPPORT OF DEFENDANT**
**OMNI ADMINISTRATORS INC.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT ............................................................................................................................2

I. HUMC'S FIDUCIARY BREACH CLAIM SHOULD BE
   DISMISSED ..................................................................................................................2

II. HUMC'S CLAIM FOR VIOLATION OF ERISA SECTION
    503 SHOULD BE DISMISSED ....................................................................................5

CONCLUSION .........................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allen v. N.J. Dep't of Human Servs.*,
   No. 06-cv-5229, 2007 WL 2306664 (D.N.J. Aug. 8, 2007) ................................ 3

*Chang v. Life Ins. Co. of N. Am.*,
   No. 08-cv-0019, 2008 WL 2478379 (D.N.J. June 17, 2008) ............................. 6

*Commonwealth of Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988) ................................................................................ 3

*Graden v. Conexant Sys. Inc.*,
   496 F.3d 291 (3d Cir. 2007) ................................................................................ 5

*Hopkins v. DiCristi*,
   No. 13-cv-5490, 2015 WL 3991098 (D.N.J. June 30, 2015) ............................. 3

*Mertens v. Hewitt Assocs.*,
   508 U.S. 248 (1993) ............................................................................................ 5

*Katz v. Comprehensive Plan of Group Ins.*,
   197 F.3d 1084 (11th Cir. 1999) .......................................................................... 6

*Precopio v. Bankers Life & Cas. Co.*,
   No. 01-cv-5721, 2004 WL 5284512 (D.N.J. Aug. 10, 2004) ............................. 4

*Prof'l Orthopedic Assocs., Pa v. Horizon Blue Cross
   Blue Shield of N.J.*,
   No. 13-cv-03057, 2014 WL 2094045 (D.N.J. May 20, 2014) ........................... 4

*Stallings ex rel. Estate of Stallings v. IBM Corp.*,
   No. 08-cv-3121, 2009 WL 2905471 (D.N.J. Sept. 8, 2009) ............................... 7

*Varity Corp. v. Howe*,
   516 U.S. 489 (1996) ........................................................................................ 2, 4

**STATUTES**

29 U.S.C. 1104, ERISA § 404 ........................................................................................2

29 U.S.C. 1109, ERISA § 409 ........................................................................................2

29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B) ........................................................6

29 U.S.C. § 1132(a)(2), ERISA § 502(a)(2) ........................................................1, 2, 3, 5

29 U.S.C. § 1132(a)(3), ERISA § 502(a)(3)...........................................................passim

29 U.S.C. § 1133, ERISA § 503 ..............................................................................1, 5, 7

## **PRELIMINARY STATEMENT**

In its opposition brief, HUMC contends that Omni's motion to dismiss its breach of fiduciary duty claim (Count II) should be denied because "Omni misconstrues HUMC's claims and governing law," and cites "inapposite" authority, in asserting that HUMC cannot obtain relief under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2). (Dkt. 30, at 1-2, 10.) But Omni made no mistake. In fact, HUMC admits that *HUMC made the mistake* of asserting a claim against Omni under Section 502(a)(2) (to which Omni responded in its moving brief), but that it did not intend to do so. HUMC now states that its claim for breach of fiduciary duty is being pursued under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

As a preliminary matter, it is well-established that HUMC may not amend its Amended Complaint through an opposition brief. But even if the Court were to accept HUMC's purported "correction," its breach of fiduciary duty claim fails as a matter of law because: (i) it seeks relief – for alleged underpayment of benefits – that is duplicative of its claim for benefits in Count I; and (ii) it seeks legal relief, not "appropriate equitable relief," as expressly required by Section 502(a)(3).

With respect to HUMC's other claim against Omni for violation of Section 503 of ERISA, 29 U.S.C. § 1133, (Count III), HUMC ignores the authorities cited in Omni's motion to dismiss that hold that Section 503 does not provide HUMC

with an independent cause of action. And, insofar as HUMC contends that it may pursue its claim under Section 502(a)(3), it fails for the same reasons as Count II, *i.e.*, it seeks the same relief – for alleged underpayment of benefits – sought in Count I and the relief sought is impermissible legal relief. As discussed below, HUMC's reliance on *Varity Corp. v. Howe*, 516 U.S. 489 (1996) does nothing to alter these conclusions.

In short, HUMC fails to state a claim for relief against Omni and its Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### I. HUMC'S FIDUCIARY BREACH CLAIM SHOULD BE DISMISSED

HUMC now contends that it intended to assert a claim under Section 502(a)(3) of ERISA and that is evident by the fact that HUMC also references Section 404 of ERISA, 29 U.S.C. § 1104, the section of ERISA that sets forth ERISA's fiduciary duties.[1] (Dkt. 30, at 2, 9-10 & n.5.) HUMC's breach of fiduciary claim against Omni (Count II) should be dismissed regardless of the Section of ERISA it relies upon.

---

[1] It is not so evident, however. Claims for breach of Section 404's fiduciary duties are actionable under both Section 502(a)(2) and Section 502(a)(3). ERISA Section 502(a)(2) authorizes civil actions "for appropriate relief under [Section 409]" and ERISA Section 409 in turn establishes *liability* for breaches of duties of the fiduciary duties set forth in Section 404. *See* ERISA §§ 404, 409. Section 502(a)(3) similarly authorizes suit for breach of the fiduciary duties under Section 404. *See* ERISA § 502(a)(3).

First, there is no dispute that insofar as the Amended Complaint seeks relief against Omni under Section 502(a)(2) it should be dismissed. (Dkt. 30, at n.5)

Second, insofar as HUMC's opposition brief purports to "correct" the statutory section of ERISA it is suing under, HUMC's attempt to amend its Amended Complaint by way of an opposition to a motion to dismiss is impermissible. *See*, *e.g.*, *Commonwealth of Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted); *Hopkins v. DiCristi*, No. 13-cv-5490, 2015 WL 3991098, at *8 n.5 (D.N.J. June 30, 2015) ("A complaint cannot be amended or supplemented by way of an opposition brief."). Furthermore, HUMC's request to file an amended complaint (Dkt. 30, at n.5) should be denied as any amendment would be futile for the reasons explained below. *See Allen v. N.J. Dep't of Human Servs.*, No. 06-cv-5229, 2007 WL 2306664, at *5, 9 (D.N.J. Aug. 8, 2007) (granting defendant's motion to dismiss and denying plaintiff leave to amend because "proposed amendment would be futile").

Third, even if HUMC properly brought a claim for breach of fiduciary duty under Section 502(a)(3), it too would be dismissible for failure to state a claim for

3

relief. (Dkt. 26-1, at 7-8.)[2] HUMC's reliance on *Varity Corp. v. Howe*, 516 U.S. 489 (1996) (Dkt. 30, at 7-8) is entirely misplaced in this regard. Indeed, the *Varity* Court held that Section 502(a)(3) "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations *that § 502 does not elsewhere adequately remedy*." *Id.* at 512 (emphasis added); *see Precopio v. Bankers Life & Cas. Co.*, No. 01-cv-5721, 2004 WL 5284512, at *31 (D.N.J. Aug. 10, 2004) ("[W]here a participant or beneficiary seeks a remedy that is otherwise recoverable under other provisions of Section 502, the individual cannot also seek that same remedy . . . under Section 502(a)(3)(B)'s catchall provision").

Furthermore, the relief sought by HUMC – for alleged underpayment of benefits – is indisputably legal relief and thus not available under Section 502(a)(3), which authorizes claims for only "appropriate equitable relief." 29 U.S.C. § 1132(a)(3). *See Prof'l Orthopedic Assocs., Pa v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-cv-03057, 2014 WL 2094045, at *3 (D.N.J. May 20, 2014) (concluding that plaintiffs' claim for alleged underpayment of benefits was not sustainable under Section 502(a)(3) because it sought "money damages and not the type of 'traditional equitable relief' available under Section 502(a)(3)"); *see*

---

[2] In its moving brief, Omni explained that Count III, which HUMC purports to pursue under Section 502(a)(3), could not be maintained where, as here, it sought the same relief as its claim for benefits. (Dkt. 26-1, at 7-8.) The same principle applies to HUMC's contention that its fiduciary breach claim (Count II) is brought pursuant to Section 502(a)(3).

4

*also Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 300 (3d Cir. 2007) ("[T]he Supreme Court has drawn a bright-line distinction between traditional equitable relief (*e.g.*, injunction, equitable lien, constructive trust), which is available under [Section 502(a)(3)], and traditional legal relief (*e.g.*, money damages), which is not") (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256-57 (1993)).

In short, HUMC's breach of fiduciary duty claim against Omni (Count II) should be dismissed with prejudice for failure to state a claim for relief regardless of whether it is asserted under Section 502(a)(2) or Section 502(a)(3), and HUMC should not be afforded leave to amend.

**II.   HUMC's CLAIM FOR VIOLATION OF ERISA SECTION 503 SHOULD BE DISMISSED**

Omni argued in its motion to dismiss that HUMC cannot pursue a claim under Section 503 because: (i) Section 503 does not provide an independent cause of action; and (ii) any relief sought for that claim is duplicative of the relief sought under Count I, and unavailable under Section 502(a)(3). (Dkt. 26-1, at 6-8.) HUMC's arguments in opposition fall flat.

First, HUMC ignores the cited authorities concluding that Section 503 does not provide an independent cause of action and, for this reason alone, Count III should be dismissed. (Dkt. 26-1, at 6-7.) HUMC's reliance on the "catchall remedial provision" of Section 502(a)(3) does not alter this conclusion. As discussed above (at p. 4), the catchall is not available to a plaintiff that has an

5

avenue of relief under Section 502(a)(1)(B).

Second, HUMC's effort to characterize Count III as a claim under Section 502(a)(3) fares no better. As discussed in Omni's moving brief (Dkt. 26-1, at 7-8) and above (at pp. 3-4), where, as here, the relief sought under Section 502(a)(3) is the same as that sought under Section 502(a)(1)(B) – for alleged underpayment of benefits – the claim under Section 502(a)(3) cannot proceed. That HUMC did not properly assert a *claim* for benefits against Omni is of no moment: the fact remains that HUMC is pursuing *relief* for alleged underpayment of benefits from the Fund, and as discussed above (at p. 4), courts interpreting *Varity* preclude plaintiffs from recovering identical relief from defendants such as Omni.[3]

Furthermore, as discussed in Omni's moving brief (Dkt. 26-1, at 8) and above (at pp. 4-5), the relief that HUMC seeks is legal damages, *i.e.*, an alleged underpayment of benefits, and thus Count III does not seek "appropriate equitable relief" as required by Section 502(a)(3). HUMC's effort to label the relief it seeks as "appropriate equitable relief" does nothing to change that conclusion. *See Chang*, 2008 WL 2478379, at *4 (dismissing plaintiff's 502(a)(3) claim that

---

[3] Whether or not HUMC is ultimately successful in its claim against the Fund is immaterial. *See Chang v. Life Ins. Co. of N. Am.*, No. 08-cv-0019, 2008 WL 2478379, at *2-3 (D.N.J. June 17, 2008) (citing *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1087-88 (11th Cir. 1999) (affirming dismissal of Section 502(a)(3) claim on the grounds that plaintiff had an "adequate" overlapping remedy under Section 502(a)(1)(B), even when plaintiff ultimately *did not prevail* on her 502(a)(1)(B) claim)).

6

"appear[ed] to be nothing more than an attempt to couch the request for relief it had previously set forth in [its Section 502(a)(1)(B) claim] in the language of equity"); *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-cv-3121, 2009 WL 2905471, at *10 (D.N.J. Sept. 8, 2009) ("[P]lacing an equitable moniker on the relief sought does not automatically convert the relief into equitable relief").

In short, HUMC fails to state a claim for relief under Section 503 and/or 502(a)(3) and thus Count III against Omni should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant Omni respectfully requests that HUMC's Amended Complaint be dismissed with prejudice.

Dated: April 25, 2016  Respectfully submitted,
Newark, NJ

**PROSKAUER ROSE LLP**

By:   /s/ Alychia L. Buchan
         Alychia L. Buchan
One Newark Center
Newark, NJ 07102
P: 973.274.3236
F: 973.274.3299
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted pro hac vice)*
Joseph E. Clark *(admitted pro hac vice)*
Eleven Times Square
New York, NY 10036
P: 212.969.3000
F: 212.969.2900
rhirschhorn@proskauer.com
jclark@proskauer.com

*Counsel for Defendant Omni Administrators Inc.*