# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH – HOBOKEN UNIVERSITY MEDICAL CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC.,<br><br>    Defendants. | Case 2:16-cv-00168-KM-MAH |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**PROSKAUER ROSE LLP**
Alychia L. Buchan
One Newark Center
Newark, NJ 07102
P: 973.274.3236
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted pro hac vice)*
Joseph E. Clark *(admitted pro hac vice)*
Eleven Times Square
New York, NY 10036
P: 212.969.3000
rhirschhorn@proskauer.com
jclark@proskauer.com
*Counsel for Defendant Omni Administrators Inc.*

**GORLICK, KRAVITZ & LISTHAUS PC**
Bruce L. Listhaus
Mark H. Ginsberg
17 State Street, 4th Floor
New York, NY 10004
P: 212.269.2500
blisthaus@gkllaw.com
mginsberg@gkllaw.com
*Counsel for Defendants United Benefit Fund and Aetna Health Inc.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS .....................................................................................2

STANDARD OF REVIEW ....................................................................................4

ARGUMENT ..........................................................................................................5

    I.    HUMC LACKS ERISA STANDING TO ASSERT ITS CLAIMS AGAINST ALL DEFENDANTS .............................................................5

    II.   HUMC'S ANTICIPATED CROSS-MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED ...................................................................................................7

CONCLUSION .....................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AMB Prop., LP v. Penn Am. Ins. Co.*,
  418 N.J. Super. 441, 14 A.3d 65 (App. Div. 2011) ............................................. 10

*Atl. Spinal Care v. Highmark Blue Shield*,
  No. 13-cv-3159, 2013 WL 3354433 (D.N.J. July 2, 2013) ................................... 4

*B-Sharp Musical Prods., Inc. v. Haber*,
  899 N.Y.S.2d 792 (N.Y. App. Div. 2010) ............................................................. 8

*Ballentine v. United States*,
  486 F.3d 806 (3d Cir. 2007) .................................................................................. 4

*Cohen v. Horizon Blue Cross Blue Shield of N.J.*,
  No. 13-cv-3057, 2014 WL 268686 (D.N.J. Jan. 23, 2014) ................................... 6

*Constitution Party v. Aichele of Pa.*,
  757 F.3d 347 (3d Cir. 2014) .................................................................................. 4

*Cromwell v. Equicor-Equitable HCA Corp.*,
  944 F.2d 1272 (6th Cir. 1991) ............................................................................. 12

*Edmonson v. Lincoln Nat'l Life Ins. Co.*,
  725 F.3d 406 (3d Cir. 2013) .................................................................................. 5

*Educ. Impact, Inc. v. Danielson*,
  No. 14-cv-937, 2015 WL 381332 (D.N.J. Jan. 28, 2015) ................................... 12

*Fiala v. Bickford Senior Living Grp., LLC*,
  32 N.E.3d 80 (Ill. App. Ct. 2015) .......................................................................... 9

*Four Winds Hosp. v. Keasbey*,
  459 N.Y.S.2d 68, *aff'd as modified*, 453 N.E.2d 529 (N.Y. 1983) ....................... 8

*Hallock v. New York*,
  474 N.E.2d 1178 (N.Y. 1984) .......................................................................... 9-10

*In re Cover*,
  No. 06-cv-4323, 2007 WL 1160332 (D.N.J. Apr. 17, 2007) ................................ 8

*In re Restaino*,
   950 N.Y.S.2d 687 (Sup. Ct. 2012) .................................................................. 10-11

*Indosuez Int'l Fin. B.V. v. Nat'l Reserve Bank*,
   774 N.E.2d 696 (N.Y. 2002) ................................................................................9

*Johnson & Towers, Inc. v. Corp. Synergies Grp., LLC*,
   No. 14-cv-5528, 2015 WL 3889438 (D.N.J. June 23, 2015) ...............................5

*Johnson v. Kindred Healthcare, Inc.*,
   2 N.E.3d 849 (Mass. 2014) ..................................................................................9

*Moore v. Woman to Woman Obstetrics & Gynecology, L.L.C.*,
   No. 09-cv-1558, 2013 WL 4080947 (N.J. Super. Ct. Law Div.
   Aug. 14, 2013) .....................................................................................................8

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
   549 F.2d 884 (3d Cir. 1977) ................................................................................4

*N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*,
   801 F.3d 369 (3d Cir. 2015) ................................................................................5

*Nat'l Sec. Sys., Inc. v. Iola*,
   700 F.3d 65 (3d Cir. 2012) ................................................................................11

*NJSR Surgical Ctr. L.L.C. v. Horizon Blue Cross Blue Shield of N. J.,
   Inc.*,
   979 F. Supp. 2d 513 (D.N.J. 2013) ......................................................................6

*Petruska v. Gannon Univ.*,
   462 F.3d 294 (3d Cir. 2006) ................................................................................4

*Pro Cardiaco Pronto Socorro Cardiologica S.A. v. Trussell*,
   863 F.Supp. 135 (S.D.N.Y. 1994) .....................................................................13

*Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*,
   No. 14-cv-6950, 2015 WL 4387981 (D.N.J. July 15, 2015) ...........................5, 6

*Sears Mortg. Corp. v. Rose*,
   134 N.J. 326, 634 A.2d 74 (1993) .....................................................................10

*Shane v. Fauver*,
   213 F.3d 113 (3d Cir. 2000) ................................................................................7

*Televantos v. Lyondell Chem. Worldwide, Inc.*,
   31 F. App'x 63 (3d Cir. 2002) ................................................................... 11-12

**STATUTES**

29 U.S.C. § 1132(a)(1) ............................................................................................5

29 U.S.C. § 1132(a)(1)(B) ......................................................................................3

29 U.S.C. § 1132(a)(2) .......................................................................................3, 5

29 U.S.C. § 1132(a)(3), (5) ....................................................................................5

29 U.S.C. § 1133 ....................................................................................................3

29 U.S.C. § 1144(a) .............................................................................................11

N.J.S.A. 3B: 5-3 ...................................................................................................12

N.Y. Pub. Health Law § 2994-d (2015) ...............................................................10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(1) ..............................................................4

## **PRELIMINARY STATEMENT**

Plaintiff HUMC OPCO LLC, d/b/a Carepoint Health – Hoboken University Medical Center ("HUMC") commenced this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA") in an attempt to recover an alleged underpayment in benefits from Defendant United Benefit Fund (the "Fund" or "Plan") for services rendered to "Patient 1." Currently pending before this Court are separate motions to dismiss the Amended Complaint filed by Defendant Omni Administrators Inc. ("Omni") (Dkt. 26) and Defendant Aetna Health Inc. ("Aetna") (Dkt. 20). The Fund answered the Amended Complaint. (Dkt. 21.)

While those motions have been pending, Magistrate Judge Hammer has permitted limited discovery to occur, including the exchange of the administrative record. (*See* Dkt. 38.) As discussed with Judge Hammer during a status conference on June 14, 2016, it has become clear to Defendants that HUMC does not have a proper assignment of benefits and thus does not have statutory standing under ERISA to sue any of the Defendants. Accordingly, Defendants now jointly move to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## STATEMENT OF FACTS

This Statement of Facts is based on the allegations in the Amended Complaint and certain additional facts pertaining to HUMC's purported assignment of benefits ("AOB"), which, as discussed below, the Court may properly consider in connection with Defendants' motion to dismiss for lack of statutory standing pursuant to Rule 12(b)(1).

*Plaintiff HUMC*.  HUMC operates a hospital under the business name Carepoint Health– Hoboken University Medical Center.  (¶ 9.)[1]

*Defendants*.  The Fund is a multiemployer health and welfare plan that provides medical and other benefits to eligible participants and beneficiaries. (¶ 10; Declaration of Mark H. Ginsberg ("Ginsberg Decl."), Ex. D.)  Aetna is the third party claims administrator for the Fund.  (¶ 12.)  Omni is the Plan Administrator for the Fund.  (¶ 11.)  The Fund is the entity responsible for paying benefits, *not* Omni or Aetna.  (¶¶ 43, 57.)

*HUMC's Complaint*.  HUMC alleges that it provided medical treatment to an individual covered by the Fund ("Patient 1") for nearly one year and that it has not been paid all of the benefits due for the services it provided to Patient 1. (¶¶ 1-2, 16-24.)  HUMC further alleges that, in connection with Patient 1's

---

[1] All "¶" references are to the Amended Complaint (Dkt. 4).

treatment, Patient 1 executed an AOB "in which he assigned to HUMC the right to benefits under the Plan." (¶ 26.)

On the basis of these allegations, HUMC asserts three causes of action against the Fund, and *only* Counts II and III against Aetna and Omni, all of which seek benefits allegedly due to HUMC:

- <u>Count I</u>:  A claim for benefits under the Plan pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  (¶¶ 41-54.)

- <u>Count II</u>:  A claim under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), that all Defendants breached their fiduciary duty by, in essence, denying HUMC's claim for benefits.  (¶¶ 55-66.)

- <u>Count III</u>:  A claim that HUMC was denied a full and fair review of its claims for benefits in violation of Section 503 of ERISA, 29 U.S.C. § 1133.  (¶¶ 67-72.)

HUMC's Complaint, filed on January 11, 2016, alleged that "Patient 1's wife" executed an AOB "on behalf of Patient 1." (Dkt. 1 at ¶¶ 26-27.)  HUMC's Amended Complaint, filed on February 1, 2016, abandoned that allegation and instead alleged that HUMC had an AOB from Patient 1.  (¶ 26.)  HUMC has now abandoned its reliance on the purported AOB from Patient 1 and instead relies on two different undated AOBs from Patient 1's purported wife, Carmen Lopez. Tellingly, HUMC's latest position comes on the heels of the Fund's demand that

3

HUMC withdraw its lawsuit for relying on an AOB from an individual with an age and hospital identification number that differed from that of Patient 1.

It also is unclear whether Patient 1 and Ms. Lopez were ever married. Although HUMC has produced a copy of a document purporting to be a marriage certificate between Ms. Lopez and Patient 1 (Ginsberg Decl. Ex. A, at Ex. 1), Carmen Lopez's coverage under the Plan was terminated during an eligibility audit in 2012 because she failed to produce proof of marriage to a participant in the Plan.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. *See* Fed. R. Civ. P. 12(b)(1). The issue of standing is jurisdictional, and plaintiff bears the burden of proof to establish its standing. *See Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007); *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). Where, as here, there is a factual attack on standing, *i.e.*, because of the facts of the case, a court may look beyond the pleadings to determine whether the facts do not support jurisdiction. *See Constitution Party v. Aichele of Pa.*, 757 F.3d 347, 358 (3d Cir. 2014); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *Atl. Spinal Care v. Highmark Blue Shield*, No. 13-cv-3159, 2013 WL 3354433, at *2 (D.N.J. July 2, 2013).

# ARGUMENT

## I. HUMC LACKS ERISA STANDING TO ASSERT ITS CLAIMS AGAINST ALL DEFENDANTS

A plaintiff must have constitutional and statutory standing to commence a lawsuit under ERISA. *See*, *e.g.*, *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 419 (3d Cir. 2013) ("'Statutory standing is simply statutory interpretation,' and we ask whether the remedies provided for in ERISA allow the particular plaintiff to bring the particular claim.") (quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007)); *Johnson & Towers, Inc. v. Corp. Synergies Grp., LLC*, No. 14-cv-5528, 2015 WL 3889438, at *3 (D.N.J. June 23, 2015) (same). Section 502(a) of ERISA authorizes a participant or beneficiary to commence a civil action to recover benefits due or for breach of fiduciary duty. *See* 29 U.S.C. § 1132(a)(1), (a)(2), (a)(3). Thus, by its express terms, standing under ERISA is limited to participants and beneficiaries.[2] *See*, *e.g.*, *Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*, No. 14-cv-6950, 2015 WL 4387981, at *6 (D.N.J. July 15, 2015).

A plaintiff who is not a participant or beneficiary may nevertheless acquire standing through a proper assignment of benefits. *See N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369 (3d Cir. 2015). It is the plaintiff's burden to

---

[2] Although not applicable here, ERISA also authorizes plan fiduciaries and the Secretary of Labor to commence an action for breach of fiduciary duty. *See* 29 U.S.C. § 1132(a)(2), (3), (5).

5

establish that it has a valid assignment of benefits by alleging specific factual allegations to render plausible its claim that the assignment it received from the plan participant conferred it with the right to receive the full benefits of the plan. The failure to do so is fatal to its claim. *See Prof'l Orthopedic Assocs., PA*, 2015 WL 4387981, at *6, *8 (finding that "[a]s the proponent of the ERISA claims, . . . Plaintiffs have the burden of establishing they have standing to sue" and granting motion to dismiss because plaintiffs failed to plead facts supporting their assertion that they had a valid assignment of benefits); *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-cv-3057, 2014 WL 268686, at *5 (D.N.J. Jan. 23, 2014) (dismissing complaint because plaintiffs "failed to satisfy their burden" of establishing standing, because plaintiffs failed to allege a "plausible theory of derivative standing by assignment"); *NJSR Surgical Ctr. L.L.C. v. Horizon Blue Cross Blue Shield of N. J., Inc.*, 979 F. Supp. 2d 513, at 522-23 (D.N.J. 2013) (granting motion to dismiss because plaintiffs' conclusory allegations failed to meet the standard for pleading derivative ERISA standing) (collecting cases) (McNulty, J.).

HUMC does not have ERISA standing and its Amended Complaint should be dismissed with prejudice. First, HUMC nowhere contends that it is a participant or a beneficiary of the Plan and thus does not have standing under the express terms of Section 502(a) of ERISA. Second, HUMC conceded in a joint status

6

report to the Court (Dkt. 44, ¶ 2) that it does not have a valid assignment of benefits from Patient 1 as alleged in Paragraph 26 of the Amended Complaint. (*See also* Ginsberg Decl. Ex. B, at 1; Ex. C, at 25:5-17.)  In short, the Amended Complaint should be dismissed with prejudice.

## II.  HUMC'S ANTICIPATED CROSS-MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED

Because HUMC has stated an intention to file a cross-motion seeking leave to amend its Amended Complaint (Ginsberg Decl. Ex. B, at 1 n.1; Ex. C, at 24:18-26:22), Defendants explain below that the arguments advanced by HUMC during the June 14, 2016 status conference before Judge Hammer (Ginsberg Decl. Ex. C, at 7:17-9:16) and in HUMC's June 24, 2016 letter to counsel for the Fund and Aetna (Ginsberg Decl. Ex. B), are meritless and that any such motion by HUMC should be denied as futile.  *See Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000) (holding that dismissal without leave to amend is justified where an amendment would be futile).

*First*, HUMC's reliance on two undated AOBs – its third different position concerning an AOB in this matter (*see supra* at 3-4) – is misplaced and does not establish HUMC's standing to sue Defendants.  Both AOBs allegedly were signed by Carmen Lopez, a person who HUMC contends was the wife of now deceased Patient 1.  (*See* Ginsberg Decl. Ex. A, at Exs. 3-4.)  Even assuming that Carmen Lopez was the wife of Patient 1 – which is not at all clear (*see supra* at 4) – the

7

relationship between a husband and wife does not in and of itself raise a presumption that the wife is the husband's agent with power to execute an AOB. *See B-Sharp Musical Prods., Inc. v. Haber*, 899 N.Y.S.2d 792, 794 (N.Y. App. Div. 2010) ("[A]n agency relationship may not be implied or inferred solely by reason of the marital relationship of the couple"); *Four Winds Hosp. v. Keasbey*, 459 N.Y.S.2d 68, 69, *aff'd as modified*, 453 N.E.2d 529 (N.Y. 1983) (same).[3] And, despite multiple requests to HUMC, HUMC has not provided any evidence that Patient 1 gave Carmen Lopez the authority to assign his right to benefits to HUMC (or anyone else).

*Second*, HUMC's self-serving, conclusory assertion that Carmen Lopez was "authorized to make all of [Patient 1's] medical decisions" (Ginsberg Decl. Ex. B, at 1; *see id.* Ex. C, at 7:17-8:4) proves nothing with respect to the validity of the AOBs. Authority to make medical decisions (even if given) does not include the authority to assign rights to benefits. Even if Carmen Lopez had the authority to

---

[3] HUMC seems to believe that New York law applies to some of its arguments, while New Jersey law applies to others. (Ginsberg Decl. Ex. B, at 2-3.) Irrespective of this opportunistic tactic, any argument that Ms. Lopez's purported marriage to Patient 1 rendered her his agent fails under New Jersey law as well. *See Moore v. Woman to Woman Obstetrics & Gynecology, L.L.C.*, No. 09-cv-1558, 2013 WL 4080947, at *8 (N.J. Super. Ct. Law Div. Aug. 14, 2013) ("'[N]either husband nor wife by virtue of the relation has power to act as agent for the other'") (quoting *Restatement (Second) of Agency* § 22 comment b (1958)); *In re Cover*, No. 06-cv-4323, 2007 WL 1160332, at *10 (D.N.J. Apr. 17, 2007) ("[A] wife is not the agent of her husband simply by force of the marital relationship") (quotation omitted).

8

make medical decisions for Patient 1, such authority was limited, and did not include broader powers such as the power to assign Patient 1's benefits under the Plan. *See Fiala v. Bickford Senior Living Grp., LLC*, 32 N.E.3d 80, 91 (Ill. App. Ct. 2015) ("[T]he general rule limits the scope of a health-care power of attorney to matters involving the principal's health care and that the agent is given no authority over the principal's property or financial matters"); *Johnson v. Kindred Healthcare, Inc.*, 2 N.E.3d 849, 857 (Mass. 2014) ("[A] health care agent does not have the authority to bind the principal to an arbitration agreement") (collecting cases).

Furthermore, any suggestion that Ms. Lopez had either apparent authority, or authority by virtue of Patient 1's incapacity, to assign Patient 1's benefits to HUMC fails as a matter of law. HUMC has not, as it must, pled facts establishing that Patient 1 created an appearance that Ms. Lopez had authority to act on his behalf, or that Defendants relied on any appearance of authority. *See Indosuez Int'l Fin. B.V. v. Nat'l Reserve Bank*, 774 N.E.2d 696, 700 (N.Y. 2002) ("The existence of apparent authority depends on a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent.") (quoting *Hallock v. New York*, 474 N.E.2d 1178, 1181 (N.Y. 1984)); *Hallock*, 474 N.E.2d at 1181 ("Essential to the creation of apparent authority are words or conduct of the principal, communicated

9

to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority.")[4] And, regardless of whether, as HUMC contends, the Fund was aware that Ms. Lopez was Patient 1's wife and making his health care decisions (Ginsberg Decl. Ex. B, at 2; *see also id.* Ex. C, at 7:23-8:4), which the Fund disputes, that does not mean that the Fund *relied* on any apparent authority of Ms. Lopez to assign Patient 1's rights.[5]

HUMC's other argument, that Ms. Lopez obtained authority by virtue of Patient 1's incapacity, also is unavailing. The New York statute on which HUMC purports to rely provides that a surrogate is authorized to make decisions pertaining to the *medical treatment* of an incapacitated adult. *See* N.Y. Pub. Health Law § 2994-d (2015); *In re Restaino*, 950 N.Y.S.2d 687, 691 (Sup. Ct. 2012) ("[T]he

---

[4] An apparent authority argument likewise fails under New Jersey law. *See AMB Prop., LP v. Penn Am. Ins. Co.*, 418 N.J. Super. 441, 454, 14 A.3d 65, 72 (App. Div. 2011) (finding that a party seeking to establish apparent authority must demonstrate "that the appearance of authority has been created by the conduct of the alleged principal and it cannot be established alone and solely by proof of [conduct by] the supposed agent . . . [and] that a third party has relied" on the apparent authority) (quoting *Mercer v. Weyerhaeuser Co.*, 324 N.J.Super. 290, 318, 735 A.2d 576, 592 (App. Div. 1999)); *Sears Mortg. Corp. v. Rose*, 134 N.J. 326, 338, 634 A.2d 74, 79 (1993) (finding that one "may be an agent by virtue of apparent authority based on manifestations of that authority by the principal. Of particular importance is whether a third party has relied on the agent's apparent authority") (citations omitted).

[5] While HUMC may contend that it has relied on Ms. Lopez's purported apparent authority, this of course should have no bearing on whether such authority binds *Defendants*.

authority given to a surrogate under [§ 2994-d] is limited to making medical decisions on behalf of the patient."). It does not at all address the right to assign benefits. And, to the extent HUMC contends that New York state law should govern the administration of an ERISA plan, the law is preempted by ERISA. *See Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012) ("Section 514(a) provides that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]'") (quoting 29 U.S.C. § 1144(a)).

*Third*, HUMC erroneously contends that the Plan's AOB provision permits a "Covered Person" to assign a third party's benefits. (Ginsberg Decl. Ex. B, at 2; *id.* Ex. C, at 8:5-7.) As an initial matter, Ms. Lopez has not been a "Covered Person" under the Plan since 2012. (*See supra* at 4.) Even if she were, HUMC's reading of the Plan's terms is facially deficient. While a "Covered Person", *i.e.*, a "Participant and his or her eligible Dependents," can assign his or her own benefits for medical expenses covered under the Plan then in effect, that does not mean a Covered Person can assign a *different* Covered Person's benefits. (Ginsberg Decl. Ex. D, at pp. 2-3, 53.) If HUMC's reading of the Plan's terms were credited, it would lead to an absurd result – a Covered Person could assign benefits due to any other Covered Person regardless of whether there was any relationship between the two Covered Persons – and should be rejected out-of-hand. *See*, *e.g.*, *Televantos v.*

11

*Lyondell Chem. Worldwide, Inc.*, 31 F. App'x 63, 67 (3d Cir. 2002) ("[C]ontracts must not be read in a light that leads to an unreasonable outcome"); *Educ. Impact, Inc. v. Danielson*, No. 14-cv-937, 2015 WL 381332, at *7 (D.N.J. Jan. 28, 2015) ("If a facially unambiguous term would lead to an unreasonable or absurd result . . . the court may consider an alternative interpretation.") (citation omitted).

*Fourth*, HUMC's citations concerning federal common law (Ginsberg Decl. Ex. B, at 2-3), do not lend any credence to the validity of the AOBs. In *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991), the validity of the AOB – whether due to the plan beneficiary's incapacity or otherwise – was not even an issue discussed in the opinion.

*Lastly*, regardless of when HUMC obtained the second of the two AOBs it now relies on, that AOB should be rejected. As an initial matter, the New Jersey state law upon which HUMC relies merely provides the line of intestate succession, and states nothing at all about whether a successor may posthumously assign benefits to a healthcare provider. (*See* N.J.S.A. 3B: 5-3.) Furthermore, to the extent HUMC contends that this state law should govern the administration of an ERISA plan, the law is preempted by ERISA. (*See supra* at 11.) Additionally, of the three cases HUMC cites (Ginsberg Decl. Ex. B, at 3), two of them do not even address plaintiffs who alleged that they received an AOB. In the third case,

12

*Pro Cardiaco Pronto Socorro Cardiologica S.A. v. Trussell*, 863 F.Supp. 135 (S.D.N.Y. 1994), the defendant did not challenge the plaintiff's standing to sue.

In short, HUMC is neither a participant, beneficiary nor an entity with a valid assignment of benefits, and thus lacks statutory standing to sue Defendants under ERISA. HUMC's Amended Complaint should therefore be dismissed with prejudice and, should HUMC make a cross-motion for leave to amend its Amended Complaint, it should be denied as futile.

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request that HUMC's Amended Complaint be dismissed with prejudice.

Dated: July 8, 2016　　　　　　　Respectfully Submitted,
　　　Newark, NJ　　　　　　　　**PROSKAUER ROSE LLP**


　　　　　　　　　　　　　　　　By: ＿＿/s/ Alychia L. Buchan＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　Alychia L. Buchan
　　　　　　　　　　　　　　　　One Newark Center
　　　　　　　　　　　　　　　　Newark, NJ 07102
　　　　　　　　　　　　　　　　973.274.3236
　　　　　　　　　　　　　　　　abuchan@proskauer.com

　　　　　　　　　　　　　　　　**PROSKAUER ROSE LLP**
　　　　　　　　　　　　　　　　Russell L. Hirschhorn *(admitted pro hac vice)*
　　　　　　　　　　　　　　　　Joseph E. Clark *(admitted pro hac vice)*
　　　　　　　　　　　　　　　　Eleven Times Square
　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　212.969.3000
　　　　　　　　　　　　　　　　rhirschhorn@proskauer.com
　　　　　　　　　　　　　　　　jclark@proskauer.com
　　　　　　　　　　　　　　　　*Counsel for Defendant Omni Administrators Inc.*

Dated: July 8, 2016  **GORLICK, KRAVITZ & LISTHAUS PC**
New York, NY

By: /s/ Bruce L. Listhaus_____
     Bruce L. Listhaus
Mark H. Ginsberg
17 State Street, 4th Floor
New York, NY 10004
212.269.2500
blisthaus@gkllaw.com
mginsberg@gkllaw.com
*Counsel for Defendants United Benefit Fund and Aetna Health Inc.*

14