**K&L GATES**

July 12, 2016

Anthony P. La Rocco
Anthony.larocco@klgates.com

T 973 848 4014
F 973 848 4001

**Via ECF**

Honorable Kevin McNulty, U.S.D.J.
United States District Court
    for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ  07101

Re:  HUMC Opco LLC et al. v. United Benefit Fund et al.
       Case No. 2:16-cv-00168-KM-MAH

Dear Judge McNulty:

As the Court is aware, this firm represents Plaintiff HUMC Opco LLC, d/b/a CarePoint Health-- Hoboken University Medical Center ("HUMC"), in the above-referenced matter.  Regrettably, we write in response to the letter from counsel for Defendants, United Benefit Fund, Aetna Health Inc. and Omni Administrators, Inc. ("Defendants"), dated July 11, 2016 (ECF No. 51). Defendants object to HUMC's request for an automatic extension of the return date for Defendants' motion to dismiss HUMC's amended complaint, pursuant to Local Civil Rule 7.1(d)(5).  (ECF No. 49).  Defendants' objection reflects an apparent lack of familiarity with this Rule, which provides:

> The original motion day of a dispositive motion may be adjourned once by a party opposing the motion, without the consent of the moving party, the Court, or the Clerk. To obtain the automatic extension a party must file with the Clerk, and serve upon all other parties, a letter stating that the originally noticed motion day has not previously been extended or adjourned and invoking the provisions of this rule before the date on which opposition papers would otherwise be due under L.Civ.R. 7.1(d)(2). That letter shall set forth the new motion day, which shall be the next available motion day following the originally noticed date.

Local Civil Rule 7.1(d)(5).

There is no question that Defendants' motion, which seeks dismissal of HUMC's amended complaint purportedly for lack of subject matter jurisdiction, is a dispositive motion.  Nor is there

any question that HUMC's application complies in full with the text of Local Civil Rule 7.1(d)(5). (See ECF No. 49).  Defendants complain that HUMC filed its clerk's extension request without consulting with them, but the plain text of the Rule makes clear that the extension is an "automatic extension" and may be granted "without the consent of the moving party, the Court, or the Clerk."  Local Civil Rule 7.1(d)(5).

Judge Hammer did not rule to the contrary, as Defendants assert.   Rather, Judge Hammer set forth the briefing schedule based on the August 1, 2016, return date that Defendants had proposed:

> Regarding the motion for -- to dismiss for lack of subject matter jurisdiction, Mr. Hirsch, you tell me when you think you can have that in.
>
> MR. HIRSCHHORN: My understanding, Your Honor, is that motions are due 24 days before a motion date, which I think realistically I think -- I think we need to get it in by the July 8th date to -- the August 1st motion date.
>
> THE COURT: Correct.
>
> MR. HIRSCHHORN: Which is more than doable.
>
> THE COURT: Okay. So July 8th. Opposition then due July 18th. And reply July 25th.
>
> Okay.

(Dkt. No. 49-5 at 22:5-15).  Nowhere did Judge Hammer rule that HUMC was precluded from applying for the automatic extension of the return date under Local Civil Rule 7.1(d)(5).  Nor have Defendants articulated any substantive reason for their objection to HUMC's application for the automatic extension, only their apparent desire to be difficult and discourteous.

Based on the foregoing, HUMC respectfully requests that the Court disregard Defendants' July 11, 2016, letter, as Local Civil Rule 7.1(d)(5) clearly entitles HUMC to the automatic extension.

Respectfully submitted,

/s/ Anthony P. La Rocco

Anthony P. La Rocco

cc:  Honorable Michael A. Hammer, U.S.M.J. (via ECF)
     All counsel of record (via ECF)