UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH - HOBOKEN UNIVERSITY MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC.,<br><br>    Defendants. | Civil Action No.<br>2:16-cv-00168 (KM/MAH) |

**DECLARATION OF ANTHONY P. LA ROCCO, ESQ. IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

    I, ANTHONY P. LA ROCCO, pursuant to 28 U.S.C. § 1746, hereby declare the following:

    1.    I am an attorney admitted to practice before this Court and a member of the law firm of K&L Gates LLP, attorneys for Plaintiff HUMC OPCO LLC, d/b/a CarePoint Health – Hoboken University Medical Center "("HUMC"). I have personal knowledge of the facts set forth in this Declaration.

2. I am fully familiar with the proceedings in this action and submit this Declaration in opposition to the motion to dismiss of United Benefit Fund ("UBF"), Aetna Health, Inc. ("Aetna") and Omni Administrators Inc. ("Omni") (collectively, "Defendants") for lack of standing and in support of the cross-motion of HUMC's cross-motion for leave to file a Second Amended Complaint.

3. Attached hereto as Exhibit A is a true and correct copy of HUMC's proposed Second Amended Complaint.

4. Following an initial case management conference on May 5, 2016, the Court authorized discovery, inter alia, regarding the administrative record of materials that were before the Defendants when reviewing the benefit decision at issue in this case, and the Court directed the parties to confer on what materials are fairly within the scope of the administrative record. (ECF Dkt. No. 38).

5. Pursuant to that directive, on May 26, 2016, UBF produced 1,724 pages of documents (hereinafter referred to as the "Administrative Record") that it contended were fairly within the scope of the administrative record. (Id., ¶14)

6. Attached hereto as Exhibit B are true and correct copies of excerpts from the Administrative Record produced by UBF's counsel on May 26, 2016.

7. During a telephone meet and confer on May 16, 2016, counsel for HUMC agreed to produce to Defendants the assignment of benefits in HUMC's favor. Attached hereto as Exhibit C is a true and correct copy of a letter from

HUMC's counsel to UBF's counsel dated May 24, 2016, enclosing the assignment of benefits form.

8. Attached hereto as <u>Exhibit D</u> is a true and correct copy of a letter from UBF's counsel to HUMC's counsel dated June 2, 2016.

9. Attached hereto as <u>Exhibit E</u> is a true and correct copy of a letter from HUMC's counsel to UBF's counsel dated June 2, 2016.

10. Attached hereto as <u>Exhibit F</u> is a true and correct copy of a letter from UBF's counsel to HUMC's counsel dated June 3, 2016.

11. Attached hereto as <u>Exhibit G</u> is a true and correct copy of a letter from HUMC's counsel to UBF's counsel dated June 24, 2016.

12. To date, Defendants have provided no support for their contention that UBF terminated Patient 1's wife's coverage under its Plan of Benefits (the "Plan") in 2012 for failure to provide proof of marriage.

13. As noted above, the Administrative Record produced by counsel for UBF on May 26, 2016, comprises 1,724 pages. It includes a two-part submission of Patient 1's HUMC file at UBF-AETNA 000891-001132 and 001133-001394. This submission was originally ordered by HUMC on October 13, 2014, and later transferred within Aetna for a review of Patient 1's claim.

14. After reviewing UBF's production of the Administrative Record, Plaintiff's counsel produced an additional 521 pages of documents (hereinafter

referred to as the "Supplemental Administrative Record") that it contends were also fairly within the scope of the administrative record.   To date, counsel for UBF has not disputed that the documents contained within the Supplemental Administrative Record produced by HUMC are also fairly within the scope of the administrative record.

15. Attached hereto as Exhibit H are true and correct copies of excerpts from the Supplemental Administrative Record produced by HUMC's counsel.

16. Attached hereto as Exhibit I is a true and correct copy of Thompson v. Eva's Village and Sheltering Program, Civ. A. No. 04-2548, 2006 WL 469938 (D.N.J. 2006).

17. Attached hereto as Exhibit J is a true and correct copy of Merrick v. UnitedHealth Group, Inc., 2016 WL 1229616 (S.D.N.Y. Mar. 25, 2016).

18. Attached hereto as Exhibit K is a true and correct copy of Moore v. Woman to Woman Obstetrics & Gynecology, L.L.C., Case No. L–1558–09, 2013 WL 4080947 (Sup. Ct. N.J., App. Div. Aug. 14, 2013).

19. Attached hereto as Exhibit L is a true and correct copy of In re Coven, Civ. A. No. 06-4323, 2007 WL 1160332 (D.N.J. Apr. 17, 2007).

20. Attached hereto as Exhibit M is a true and correct copy of Drzala v. Horizon Blue Cross Blue Shield, Civ. A. No. 15-8392, 2016 WL 2932545 (D.N.J. May 18, 2016).

21.     Attached hereto as <u>Exhibit N</u> is a true and correct copy of <u>Keever v. NCR Pension Plan</u>, Case No. 3:15-cv-196, 2015 U.S. Dist. LEXIS 169019 (S.D. Oh. Dec. 15, 2015).

22.     Attached hereto as <u>Exhibit O</u> is a true and correct copy of <u>Premier Health Center, P.C. v. UnitedHealth Group</u>, Civ. A. No. 11–425, 2012 WL 1135608 (D.N.J. Apr. 4, 2012).

23.     Attached hereto as <u>Exhibit P</u> is a true and correct copy of <u>Ambulatory Surgical Center of N.J. v. Horizon Healthcare Servs. Inc.</u>, Civ. A. No. 07–2538, 2008 WL 8874292 (D.N.J. Feb. 21, 2008).

24.     Attached hereto as <u>Exhibit Q</u> is a true and correct copy of <u>Gregory Surgical Servs. v. Horizon Blue Cross Blue Shield of NJ</u>, Civ. A. No. 06-0462, 2007 WL 4570323, at *4 (D.N.J. Dec. 26, 2007).

25.     Pursuant to 28 U.S.C. § 1746(2), I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 1, 2016

By: /s/ Anthony P. La Rocco