# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH – HOBOKEN UNIVERSITY MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC.,<br><br>Defendants. | Case 2:16-cv-00168-KM-MAH<br><br><br>Motion Day: August 15, 2016 |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
### &
### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT

**PROSKAUER ROSE LLP**
Alychia L. Buchan
One Newark Center
Newark, NJ 07102
P: 973.274.3236
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted pro hac vice)*
Joseph E. Clark *(admitted pro hac vice)*
Eleven Times Square
New York, NY 10036
P: 212.969.3000
rhirschhorn@proskauer.com
jclark@proskauer.com
*Counsel for Defendant Omni Administrators Inc.*

**GORLICK, KRAVITZ & LISTHAUS PC**
Bruce L. Listhaus
Mark H. Ginsberg
17 State Street, 4th Floor
New York, NY 10004
P: 212.269.2500
blisthaus@gkllaw.com
mginsberg@gkllaw.com
*Counsel for Defendants United Benefit Fund and Aetna Health Inc.*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................1

I.   DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED..........2

II.  HUMC'S CROSS-MOTION SEEKING LEAVE TO FILE THE
     PSAC SHOULD BE DENIED ......................................................................2

     A.   Standard Of Review ..............................................................................2
     B.   The PSAC Fails To Establish HUMC's ERISA Standing....................3

CONCLUSION..........................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Mass.*,
   No. 14-cv-7280, 2015 WL 4430488 (D.N.J. July 20, 2015) ........................10, 11

*Ambulatory Surgical Center of New Jersey v. Horizon Healthcare Services, Inc.*,
   No. 07-cv-2538, 2008 WL 8874292 (D.N.J. Feb. 21, 2008) ...............................9

*Cromwell v. Equicor-Equitable HCA Corp.*,
   944 F.2d 1272 (6th Cir. 1991) ............................................................................4

*Ctr. for Orthopedics & Sports Med. v. Horizon*,
   No. 13-cv-1963, 2015 WL 5770385 (D.N.J. Sept. 30, 2015) .............................6

*Del Priore v. Pneumo Abex, LLC*,
   No. 06-cv-3170, 2007 WL 2908253 (D.N.J. Oct. 1, 2007) .................................5

*Drzala v. Horzion Blue Cross Blue Shield*,
   No. 15-cv-8392, 2016 WL 2932545 (D.N.J. May 18, 2016) ..............................6

*Gregory Surgical Services, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*,
   No. 06-cv-0462, 2007 WL 4570323 (D.N.J. Dec. 26, 2007) ..............................9

*Heasley v. Belden & Blake Corp.*,
   2 F.3d 1249 (3d Cir. 1993) .................................................................................4

*John Hancock Mut. Life Ins. Co. v. Timbo*,
   67 F. Supp. 2d 413 (D.N.J. 1999) .......................................................................4

*Keever v. NCR Pension Plan*,
   No. 15-cv-196, 2015 WL 9255342 (S.D. Ohio Dec. 15, 2015) .........................6

*McNair v. Synapse Grp., Inc.*,
   No. 06-cv-5072, 2009 WL 3754183 (D.N.J. Nov. 5, 2009) ................................2

*Merrick v. UnitedHealth Group Inc.*,
   No. 14-cv-8071, 2016 WL 1229616 (S.D.N.Y. Mar. 25, 2016) ...................3, 10

*MHA, LLC v. Aetna Health, Inc.*,
   No. 12-cv-2984, 2013 WL 705612 (D.N.J. Feb. 25, 2013)...................................4

*Mid-Town Surgical Ctr. L.L.P. v. Humana Health Plan of Tex., Inc.*,
   16 F. Supp. 3d 767 (S.D. Tex. 2014)................................................................ 5-6

*Middlesex Surgery Ctr. v. Horizon*,
   No. 13-cv-112, 2013 WL 775536 (D.N.J. Feb. 28, 2013)......................... 4, 10-11

*Premier Health Center, P.C. v. UnitedHealth Group*,
   No. 11-cv-425, 2012 WL 1135608 (D.N.J. Apr. 4, 2012) ..................................9

*Pro Cardiaco Pronto Socorro Cardiologica S.A. v. Trussell*,
   863 F. Supp. 135 (S.D.N.Y. 1994) ....................................................................6

*Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*,
   No. 14-cv-6950, 2015 WL 4387981 (D.N.J. July 15, 2015)...............................8

*Reap v Plumbers & Pipefitters Nat'l Pension Fund*,
   996 F. Supp. 2d 295 (M.D. Pa. 2014).............................................................10

*Scott v. Regions Bank*,
   702 F. Supp. 2d 921 (E.D. Tenn. 2010).............................................................6

*Standard Fire Ins. Co. v. MTU Detroit Diesel, Inc.*,
   No. 07-cv-3827, 2009 WL 2568199 (D.N.J. Aug. 13, 2009).............................2

*United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*,
   769 F.3d 837 (3d Cir. 2014) .............................................................................2

**OTHER AUTHORITIES**

United States Department Of Labor, Employee Benefits Security
   Administration, FAQs About The Benefit Claims Procedure
   Regulation,
   http://www.dol.gov/ebsa/faqs/faq_claims_proc_reg.html...................................8

iii

## **PRELIMINARY STATEMENT**

The sole basis upon which Plaintiff HUMC alleges in the Amended Complaint that it has standing under the Employee Retirement Income Security Act of 1974 ("ERISA") to sue the Defendants is that Patient 1 assigned his benefits to HUMC. Having conceded that it has no such assignment, HUMC cannot establish standing to pursue its claims in the Amended Complaint and the Amended Complaint should be dismissed.

In apparent recognition of that fatal defect, HUMC now requests leave to file its third complaint to allege that C.L., Patient 1's purported spouse, assigned to HUMC Patient 1's benefits. But, as discussed below, HUMC's Cross-Motion for leave to file the proposed Second Amended Complaint ("PSAC") should be denied because HUMC does not have a valid assignment from C.L. and thus the PSAC is futile. The purported assignment fails because HUMC has failed to plead facts that, if proven, would establish that C.L. had authority to assign Patient 1's benefits to HUMC. The PSAC, like the Amended Complaint, does not establish that HUMC has ERISA standing to pursue its claims.

Accordingly, Defendants' Motion to Dismiss for lack of standing should be granted, HUMC's Cross-Motion for leave to amend should be denied, and this action should be dismissed with prejudice.

## I. DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED

As explained in Defendants' moving brief (Dkt. 49-1, at 5-7), only a participant or beneficiary, or a provider with a proper assignment of benefits, may commence a civil action under Section 502(a) of ERISA. HUMC's only basis for establishing ERISA standing in its Amended Complaint is that it has an assignment of benefits from Patient 1. (Dkt. 4, ¶ 26.) HUMC now concedes that it has no such assignment and that the assignment of benefits was "actually executed by Patient 1's spouse rather than Patient 1." (Dkt. 54-1, at 13.) In light of this concession, there is no basis upon which HUMC has ERISA standing to pursue the claims in its Amended Complaint, and it should be dismissed.

## II. HUMC'S CROSS-MOTION SEEKING LEAVE TO FILE THE PSAC SHOULD BE DENIED

### A. Standard Of Review

A district court may deny leave to amend a complaint if the amendment would be futile. *See*, *e.g.*, *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). A proposed amendment is futile if, notwithstanding the amendment, a plaintiff lacks standing. *See*, *e.g.*, *Standard Fire Ins. Co. v. MTU Detroit Diesel, Inc.*, No. 07-cv-3827, 2009 WL 2568199, at *6 (D.N.J. Aug. 13, 2009); *McNair v. Synapse Grp., Inc.*, No. 06-cv-5072, 2009 WL 3754183, at *5 (D.N.J. Nov. 5, 2009).

### B. The PSAC Fails To Establish HUMC's ERISA Standing

HUMC contends that it has ERISA standing because: (i) federal common law permitted C.L. to assign to HUMC Patient 1's rights to benefits; (ii) C.L. is Patient 1's successor-in-interest and, in that capacity, properly assigned to HUMC Patient 1's rights to benefits; (iii) the United Benefit Fund Plan of Benefits (the "Plan") authorized C.L. to assign to HUMC Patient 1's rights to benefits; (iv) C.L. and/or HUMC were Patient 1's authorized representative; and (v) Defendants engaged in a "course of dealing" with HUMC and C.L., during which Defendants allegedly never objected that C.L. had assigned to HUMC Patient 1's rights to benefits. All of these arguments are unavailing.

*First*, HUMC offers no support for its conclusory assertion that federal common law authorized C.L. to assign to HUMC Patient 1's benefits, or that the state law cases cited by Defendants are "irrelevant." (Dkt. 54-1, at 20-22.) In fact, the two cases cited by HUMC support the opposite conclusion. In *Merrick v. UnitedHealth Group Inc.*, No. 14-cv-8071, 2016 WL 1229616, at *4, *10 (S.D.N.Y. Mar. 25, 2016), the court enforced an ERISA plan's anti-assignment provision and, in so ruling, observed that courts "may draw inspiration from state law in discerning the content of federal common law . . . to the extent that state law is not inconsistent with the federal policies underlying ERISA." (internal

3

quotations omitted).[1]  The Third Circuit has reached the same conclusion.  *See*, *e.g.*, *Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1257 n.8 (3d Cir. 1993) ("In developing federal common law, [courts may] look to analogous state law rules, as long as [the] state law is consistent with the policies underlying the federal statute at issue") (internal quotations and citations omitted); *John Hancock Mut. Life Ins. Co. v. Timbo*, 67 F. Supp. 2d 413, 420 (D.N.J. 1999) ("Where a state law is consistent with the purposes of ERISA it is appropriate to adopt it as federal common law.")

Consistent with this principle, courts within the Third Circuit have looked to state law to determine the validity of an assignment of ERISA benefits.  *See*, *e.g.*, *Middlesex Surgery Ctr. v. Horizon*, No. 13-cv-112, 2013 WL 775536, at *3-4 (D.N.J. Feb. 28, 2013) (applying New Jersey law in concluding that purported assignment of benefits was invalid); *MHA, LLC v. Aetna Health, Inc.*, No. 12-cv-2984, 2013 WL 705612, at *7-8 (D.N.J. Feb. 25, 2013) (same).

Here, HUMC has offered no support for its contention that C.L. has a federal common law right to assign Patient 1's benefits.  Defendants, however, have

---

[1] As discussed in Defendants' moving brief (Dkt. 49-1, at 12), in *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991), there was no dispute about the validity of the assignment of benefits, and the incapacity of the plan participant's wife was irrelevant to the outcome of the case.  Instead, the Court addressed the issue of whether removal was improper despite appellants' allegations that they had received a valid assignment of benefits from the plan participant.

provided numerous authorities demonstrating that C.L.'s status as Patient 1's spouse (even if true) does not automatically authorize her to assign his right to benefits. (*See* Dkt. 49-1, at 7-8.) HUMC contends that those authorities are "irrelevant" because they do not address an assignment of benefits. But that is no basis for not "drawing inspiration" from these cases or reaching a different conclusion here, particularly in the absence of any factually similar cases.

*Second*, HUMC contends that even if the first assignment of benefits signed by C.L. is not valid, C.L. acquired the right to assign to HUMC Patient 1's benefits as his successor-in-interest after his death. (Dkt. 54-1, at 23-25.) As previously discussed, HUMC's second assignment fares no better than its first because: (i) HUMC has failed to plead facts that establish that C.L. had authority to assign to HUMC Patient 1's rights to benefits (Dkt. 49-1, at 12-13); and (ii) HUMC's reliance upon New Jersey intestacy laws is misplaced because those laws only provide the line of intestate succession, and state nothing about whether a successor may validly assign ERISA benefits to a healthcare provider (Dkt. 49-1, at 12). Moreover, HUMC must have had ERISA standing at the time it commenced this action, and its efforts to do so now should be rejected. *See Del Priore v. Pneumo Abex, LLC*, No. 06-cv-3170, 2007 WL 2908253, at *4-5 (D.N.J. Oct. 1, 2007) (dismissing complaint where plaintiff did not have standing at the time he filed suit); *Mid-Town Surgical Ctr. L.L.P. v. Humana Health Plan of Tex.*,

*Inc.*, 16 F. Supp. 3d 767, 776-77 (S.D. Tex. 2014) (dismissing claims brought by purported assignee where assignments were executed after suit was filed, because "[a] party . . . must have standing at the time the complaint was filed in order to sue"); *see also Ctr. for Orthopedics & Sports Med. v. Horizon*, No. 13-cv-1963, 2015 WL 5770385, at *5 n.6 (D.N.J. Sept. 30, 2015) (refusing to permit provider to use second of two executed assignments as basis for derivative standing when the assignment was executed "after [defendant] claim[ed] to have begun reviewing the claim for benefits," and defendant "could not consider it at the time it began to review its claim").[2]

*Third*, the Court should reject HUMC's contention that the Plan's assignment of benefits provision permits C.L., as a "Covered Person" under the

---

[2] HUMC cites several cases purportedly for the proposition that a successor-in-interest to an ERISA plan participant has authority to posthumously assign to a healthcare provider the participant's benefits, but those cases say nothing of the sort. As discussed in Defendants' moving brief (Dkt. 49-1, at 12-13), the defendant in *Pro Cardiaco Pronto Socorro Cardiologica S.A. v. Trussell*, 863 F. Supp. 135 (S.D.N.Y. 1994) did not challenge plaintiff's standing to sue. Rather, the issue there was whether an assignment was subject to the plan's anti-assignment provision and, moreover, the case did not involve claims arising under ERISA. In *Keever v. NCR Pension Plan*, No. 15-cv-196, 2015 WL 9255342 (S.D. Ohio Dec. 15, 2015), the issue was whether state law claims brought by the estate of a *designated* ERISA plan beneficiary were preempted. In *Scott v. Regions Bank*, 702 F. Supp. 2d 921 (E.D. Tenn. 2010), the issue was whether the *designated* beneficiaries of an irrevocable trust had standing to sue for insurance proceeds that had been paid to their father's second wife. Similarly, HUMC's reliance on *Drzala v. Horzion Blue Cross Blue Shield*, No. 15-cv-8392, 2016 WL 2932545 (D.N.J. May 18, 2016) is misplaced because, unlike here, the assignment in that case was executed by a *plan participant* before litigation commenced.

Plan, to assign to HUMC Patient 1's benefits (Dkt. 49-1, at 11-12), because C.L. has not been a Covered Person under the Plan since 2012.  (Declaration of Jeanna Talamo, ¶ 2.)  But, even assuming C.L. is a Covered Person under the Plan, she did not have an automatic right to assign to HUMC Patient 1's benefits.  In an effort to avoid the absurdity of its own argument, HUMC contends that because Covered Person includes "any Participant and his or her eligible Dependents when properly enrolled in the Plan," the Plan ensures that only a person who is related to a Participant could assign his or her benefits.  (Dkt. 54-1, at 25-27.)  That reading, however, is nowhere grounded in the terms of the Plan:  the Plan states that "[b]enefits for medical expenses covered under this Plan may be assigned by a Covered Person to the provider."  (Dkt. 54-4, at HUMC 00114.)  There also is no reason to believe that a Plan participant would want to automatically authorize his spouse, much less any eligible dependent, to assign his or her right to benefits to a third party.  (*See* Dkt. 49-1, at 7-8.)[3]

---

[3] HUMC contends that policy implications, such as protecting ERISA plan participants and increasing their access to healthcare, "counsel in favor of a broad interpretation of assignment of benefits."  (Dkt. 54-1, at 23.)  That, however, does not mean all such assignments are valid and should be enforced.  In fact, validating the assignments in this case would foster disorder and unpredictability and serves no legitimate Plan or participant interests.  HUMC ignores the protections to the incapacitated that are inherent in state guardianship and other laws, and would permit even minor children of a Plan participant to assign that participant's benefits (*see* Dkt. 54-4, at HUMC 00063-64).  This position is contrary to the interests of other Plan participants, encourages inefficient operation of ERISA plans, and undermines a plan's control over its benefit structures.

*Fourth*, whether C.L. and/or HUMC was Patient 1's authorized representative is irrelevant. (Dkt. 54-1, at 27.)[4] Status as a participant's authorized representative does not empower that person or entity to assign a participant's rights to benefits. *See*, *e.g.*, *Prof'l Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*, No. 14-cv-6950, 2015 WL 4387981, at *5-6 (D.N.J. July 15, 2015) (concluding that an alleged authorized representative lacked ERISA standing as an assignee). Similarly, assignment of benefits by a participant to a healthcare provider does not constitute designation of the healthcare provider as the authorized representative. *See* United States Department Of Labor, Employee Benefits Security Administration, FAQs About The Benefit Claims Procedure Regulation, http://www.dol.gov/ebsa/faqs/faq_claims_proc_reg.html (last visited Aug. 4, 2016), at B-2. The forms signed by C.L., and on which HUMC relies, confirm that Defendants' interactions with HUMC were premised on the

---

[4] Under ERISA, an individual may act on behalf of a participant provided that the plan's procedures for determining whether that individual has been so authorized are complied with. *See* United States Department Of Labor, Employee Benefits Security Administration, FAQs About The Benefit Claims Procedure Regulation, http://www.dol.gov/ebsa/faqs/faq_claims_proc_reg.html (last visited Aug. 4, 2016), at B-1 ("FAQ B-1"). HUMC contends that because, in cases involving urgent care, the Plan provides an exception for healthcare providers to act as a Covered Person's authorized representative without completing the requisite form, the "design of the Plan" permits others to act on the Covered Person's behalf where exigent circumstances so require. (Dkt. 54-1, at 27.) This argument misses the mark: ERISA *requires* that plans include such an exception. *See* FAQ B-1. In any event, this argument does nothing to support HUMC's position that C.L. properly assigned to HUMC Patient 1's benefits.

8

understanding that C.L. and/or HUMC were Patient 1's authorized representative, *not* assignee. C.L. represented on the form on behalf of Patient 1 that Patient 1 *had not* assigned his rights to HUMC: "I acknowledge and understand that I maintain my right of recovery against my insurer or health plan *and the foregoing authorization does not divest me of such rights*." (Dkt. 54-4, at HUMC 00055.) (Emphasis added.)

*Fifth*, HUMC contends that the "course of dealing" between Defendants, HUMC and C.L., and Defendants' failure to object to the purported assignment of benefits, establish HUMC's standing in this case. (Dkt. 54-1, at 28-30.) In making this argument, HUMC again conflates its status as Patient 1's authorized representative with its status as Patient 1's alleged assignee. The correspondence and communications referenced by HUMC in the PSAC (Dkt. 54-3, ¶¶ 34-43; *see also* Dkt. 54-1, at 9-12), only establish, if anything at all, that HUMC was an authorized representative for Patient 1.[5] Whether HUMC received a demand for reimbursement from Aetna is of no moment. (Dkt. 54-1, at 30.) The Plan provides that in the event of death or incapacity of a Covered Person, the Plan Administrator

---

[5] For these reasons, HUMC's reliance on *Premier Health Center, P.C. v. UnitedHealth Group*, No. 11-cv-425, 2012 WL 1135608 (D.N.J. Apr. 4, 2012), *Ambulatory Surgical Center of New Jersey v. Horizon Healthcare Services, Inc.*, No. 07-cv-2538, 2008 WL 8874292 (D.N.J. Feb. 21, 2008), and *Gregory Surgical Services, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 06-cv-0462, 2007 WL 4570323 (D.N.J. Dec. 26, 2007), (Dkt. 54-1, at 28-30) is misplaced.

may make payments to the individual or institution that was providing the care to the Covered Person. (Dkt. 54-4, at HUMC 00114.) *See Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Mass.*, No. 14-cv-7280, 2015 WL 4430488, at *7 (D.N.J. July 20, 2015) (finding that defendant did not waive anti-assignment provision by sending direct payment to purported assignee, because "the terms of the Plan permit direct payment to healthcare providers"); *Merrick*, 2016 WL 1229616, at *8 (same).

    HUMC's "course of dealing" argument is but another way of arguing that Defendants either waived or should be estopped from arguing that HUMC does not have a proper assignment of benefits. But HUMC's PSAC does not allege facts that if proven would establish either waiver or estoppel, and its argument should therefore be rejected. *See*, *e.g.*, *Advanced Orthopedics & Sports Med.*, 2015 WL 4430488, at *6 (waiver is the "intentional relinquishment of a known right . . . [and] the burden of proving waiver devolves on the party asserting it"); *Reap v Plumbers & Pipefitters Nat'l Pension Fund*, 996 F. Supp. 2d 295, 299 (M.D. Pa. 2014) (equitable estoppel under ERISA requires the claimant to establish a material representation, reasonable and detrimental reliance upon the representation, and extraordinary circumstances, and plaintiff must plead each element); *see also Middlesex Surgery Ctr.*, 2013 WL 775536, at *4 (observing that even if Section 502(a) permitted "standing by waiver," there is nothing

10

inconsistent about objecting to a purported assignee's standing after having engaged with it as a patient's authorized representative); *Advanced Orthopedics & Sports Med.*, 2015 WL 4430488, at *7-8.

## CONCLUSION

For the reasons stated herein and in the Memorandum of Law In Support Of Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction, the Court should grant Defendants' Motion to Dismiss with prejudice and deny Plaintiff's Cross-Motion for leave to file the PSAC.

Dated: August 8, 2016  Respectfully Submitted,
Newark, NJ  **PROSKAUER ROSE LLP**


By: /s/ Alychia L. Buchan
 Alychia L. Buchan
One Newark Center
Newark, NJ 07102
973.274.3236
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted pro hac vice)*
Joseph E. Clark *(admitted pro hac vice)*
Eleven Times Square
New York, NY 10036
212.969.3000
rhirschhorn@proskauer.com
jclark@proskauer.com
*Counsel for Defendant Omni Administrators Inc.*

11

Dated: August 8, 2016 **GORLICK, KRAVITZ & LISTHAUS PC**
New York, NY

By: /s/ Bruce L. Listhaus
    Bruce L. Listhaus
Mark H. Ginsberg
17 State Street, 4th Floor
New York, NY 10004
212.269.2500
blisthaus@gkllaw.com
mginsberg@gkllaw.com
*Counsel for Defendants United Benefit Fund and Aetna Health Inc.*