# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH – HOBOKEN UNIVERSITY MEDICAL CENTER, | |
| Plaintiff, | Case 2:16-cv-00168-KM-MAH |
| v. | |
| UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC., | Motion Day: September 6, 2016 |
| | <u>Oral Argument Requested</u> |
| Defendants. | |

## DEFENDANT OMNI ADMINISTRATORS INC.'S
## BRIEF IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION
## <u>FOR LEAVE TO AMEND THE AMENDED COMPLAINT</u>

**PROSKAUER ROSE LLP**
Alychia L. Buchan
One Newark Center
Newark, NJ 07102
P: 973.274.3236
F: 973.274.3299
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted PHV)*
Joseph E. Clark *(admitted PHV)*
Eleven Times Square
New York, NY 10036
P: 212.969.3000
F: 212.969.2900
rhirschhorn@proskauer.com
jclark@proskauer.com

*Counsel for Defendant Omni Administrators Inc.*

# **TABLE OF CONTENTS**

                                                        **Page**

PRELIMINARY STATEMENT .................................................................................1
STATEMENT OF FACTS ........................................................................................3
STANDARD OF REVIEW .......................................................................................5
ARGUMENT .............................................................................................................5
      I.     HUMC FAILS TO STATE A CLAIM FOR ERISA BREACH OF FIDUCIARY DUTY ....................................................................5
      II.    HUMC FAILS TO STATE A CLAIM FOR VIOLATION OF ERISA SECTION 503 ..............................................................................9
CONCLUSION ........................................................................................................11

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Chang v. Life Ins. Co. of N. Am.*,
  No. 08-cv-0019, 2008 WL 2478379 (D.N.J. June 17, 2008) ..................... 6, 9, 10

*Cohen v. Horizon Blue Cross Blue Shield of N.J.*,
  No. 13-cv-03057, 2013 WL 5780815 (D.N.J. Oct. 25, 2013) .............................. 9

*Emil v. Unum Life Ins. Co. of Am.*,
  No. 02-cv-2019, 2003 WL 256781 (M.D. Pa. Feb. 5, 2003) .............................. 7

*Erbe v. Billeter*,
  No. 06-cv-113, 2007 WL 2905890 (W.D. Pa. Sept. 28, 2007) .......................... 7

*Graden v. Conexant Sys. Inc.*,
  496 F.3d 291 (3d Cir. 2007) ............................................................................... 8

*Katz v. Comprehensive Plan of Grp. Ins.*,
  197 F.3d 1084 (11th Cir. 1999) ......................................................................... 10

*Piscopo v. Pub. Serv. Elec. & Gas Co.*,
  No. 13-cv-552, 2015 WL 3938925 (D.N.J. June 25, 2015) .............................. 10

*Precopio v. Bankers Life & Cas. Co.*,
  No. 01-cv-5721, 2004 WL 5284512 (D.N.J. Aug. 10, 2004) .............................. 6

*Prof'l Orthopedic Assocs., PA v. Horizon Blue Cross Blue Shield of
  N.J.*,
  No. 13-cv-03057, 2014 WL 2094045 (D.N.J. May 20, 2014) ........................... 8

*Shane v. Fauver*,
  213 F.3d 113 (3d Cir. 2000) ............................................................................... 5

*Stallings ex rel. Estate of Stallings v. IBM Corp.*,
  No. 08-cv-3121, 2009 WL 2905471 (D.N.J. Sept. 8, 2009) ............................... 9

*United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*,
  769 F.3d 837 (3d Cir. 2014) ............................................................................... 5

*Varity Corp. v. Howe*,
 516 U.S. 489 (1996) .......................................................................................... 5, 6

**STATUTES**

29 U.S.C. § 1132(a)(1)(B) ................................................................................. passim

29 U.S.C. § 1132(a)(3) ...................................................................................... passim

29 U.S.C. § 1133 ........................................................................................... 2, 4, 9, 10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 1, 5

United States District Court, District of New Jersey
 Local Civil Rule 7.1(h) ........................................................................................ 1

## **PRELIMINARY STATEMENT**

Today, Defendants United Benefit Fund (the "Fund" or "Plan"), Aetna Health Inc. ("Aetna") and Omni Administrators Inc. ("Omni") (collectively, "Defendants") filed a reply brief in support of their Motion to Dismiss Plaintiff HUMC's Amended Complaint for lack of statutory standing under the Employee Retirement Income Security Act of 1974 ("ERISA"). That brief also opposed HUMC's Cross-Motion for leave to file a proposed Second Amended Complaint ("PSAC"), because HUMC's PSAC similarly fails to establish that HUMC has ERISA standing to pursue its claims against any of the Defendants, and therefore is futile.

Prior to Defendants' joint motion to dismiss for lack of standing, Omni had separately moved to dismiss HUMC's Amended Complaint on several grounds pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 26, 31.) Because the PSAC fails to cure the defects in the Amended Complaint and fails to state a claim for which relief could be granted against Omni, Omni submits this separate brief in opposition to HUMC's Cross-Motion for leave to amend.[1]

---

[1] While Local Rule 7.1(h) provides that the party opposing a cross-motion shall "file a single combined reply brief in support of its motion and in opposition to the cross-motion," Omni respectfully submits that the Local Rule does not apply here. In the interests of judicial economy, and with the permission of Magistrate Judge Hammer, Defendants submitted a joint Motion to Dismiss for lack of standing after Defendant Omni already had moved to dismiss the Amended Complaint on Rule 12(b)(6) grounds. (Dkt. 49.) In response to Plaintiff HUMC's Opposition and

The PSAC purports to respond to Omni's Motion to Dismiss in only one respect – HUMC now asserts its breach of fiduciary duty claim (Count II) under ERISA § 502(a)(3), instead of ERISA § 502(a)(2).  (PSAC ¶ 80, Dkt. 54-3.)  Irrespective of whether this change corrected a typographical error, or was made in response to the arguments set forth in Omni's Motion to Dismiss (Dkt. 26-1, at 4-6), Count II fails for the same reasons stated in Omni's Reply Memorandum of Law submitted in support of its initial Motion to Dismiss (Dkt. 31) – (i) it seeks relief for alleged underpayment of benefits that is duplicative of HUMC's claim for benefits in Count I; and (ii) it seeks legal relief, not "appropriate equitable relief," as expressly required by Section 502(a)(3).

In addition, HUMC's claim against Omni for violation of ERISA § 503 (Count III) fails because Section 503 does not provide an independent cause of action.  And, insofar as HUMC contends that it may pursue this claim under Section 502(a)(3), it fails for the same reasons as Count II.

In short, HUMC's PSAC fails to state a claim for relief against Omni, its Cross-Motion to Amend should be denied, and this action as against Omni should be dismissed with prejudice.

---

Cross-Motion seeking leave to amend (Dkt. 54-1), Defendants jointly submitted their Reply and Opposition to the Cross-Motion.  (Dkt. 58.)  This Opposition brief, filed only by Defendant Omni, addresses only the grounds for dismissal that are unique to Defendant Omni.

## STATEMENT OF FACTS

This Statement of Facts is based on the allegations in the PSAC, which are presumed true solely for purposes of this Opposition to HUMC's Cross-Motion for leave to amend.

***HUMC.*** Plaintiff HUMC OPCO LLC, d/b/a Carepoint Health – Hoboken University Medical Center ("HUMC") operates a hospital under the business name Carepoint Health– Hoboken University Medical Center. (¶ 9.)[2]

***The Defendants.*** The Fund is a multiemployer health and welfare plan that provides medical and other benefits to eligible participants and beneficiaries. (¶ 10.) Omni is the Plan Administrator for the Fund. (¶ 11.) Aetna is the third party claims administrator for the Fund. (¶ 12.) The Fund is the entity responsible for paying benefits, *not* Omni or Aetna. (¶¶ 57, 71.)

***HUMC's PSAC.*** HUMC alleges that it provided medical treatment to an individual covered by the Fund ("Patient 1") for nearly one year and that it has not been paid all of the benefits due for the services it provided to Patient 1. (¶¶ 1-2, 16-26.) HUMC further alleges that, in connection with Patient 1's treatment, the spouse of Patient 1 executed an assignment of benefits "on behalf of Patient 1 and assigned to HUMC the right to Patient 1's benefits under the Plan for the services that HUMC provided to Patient 1." (¶ 28.) On the basis of these allegations,

---

[2] All "¶" references are to the PSAC.

HUMC asserts three causes of action; *HUMC asserts only Counts II and III against Omni*:

- Count I:  A claim for benefits under the Plan pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), against the Fund only.  (¶¶ 55-68.)

- Count II:  A claim under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) (¶¶ 69-80), that all Defendants breached their fiduciary duty by:  (i) "basing their reimbursement decisions on maximizing profits to Defendants rather than on the terms of the Plan and applicable statutes and regulations; failing to make decisions in the interests of beneficiaries; and failing to act in accordance with the Plan documents" (¶ 78); and (ii) "failing to inform HUMC – as assignee of benefits – of material information, by misrepresenting requirements for reimbursement under the Plan, and imposing unduly burdensome preconditions to payment not contemplated by the Plan." (¶ 79.)

- Count III:  A claim that HUMC was denied a full and fair review of its claims for benefits in violation of Section 503 of ERISA, 29 U.S.C. § 1133.  (¶¶ 81-86.)

## STANDARD OF REVIEW

A district court may deny leave to amend a complaint if amending the complaint would be futile. *See*, *e.g.*, *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). A proposed amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted).

## ARGUMENT

### I. HUMC FAILS TO STATE A CLAIM FOR ERISA BREACH OF FIDUCIARY DUTY

The PSAC fails to state a claim for breach of fiduciary duty under Section 502(a)(3), and thus HUMC's Cross-Motion should be denied. Section 502(a)(3) of ERISA authorizes a civil action to be commenced:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

In *Varity Corp. v. Howe*, 516 U.S. 489, 512, 515 (1996), the Supreme Court held that Section 502(a)(3) "act[s] as a safety net, offering appropriate equitable

5

relief for injuries caused by violations *that § 502 does not elsewhere adequately remedy*," and observed that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'" (emphasis added); *see*, *e.g.*, *Precopio v. Bankers Life & Cas. Co.*, No. 01-cv-5721, 2004 WL 5284512, at *31 (D.N.J. Aug. 10, 2004) ("[W]here a participant or beneficiary seeks a remedy that is otherwise recoverable under other provisions of Section 502, the individual cannot also seek that same remedy . . . under Section 502(a)(3)(B)'s catchall provision"). In so holding, the *Varity* Court observed that "ERISA specifically provides a remedy for . . . the payment of claims" in Section 502(a)(1)(B) "that runs directly to the injured beneficiary." *Varity*, 516 U.S. at 512.

Since *Varity*, courts have held that when a plaintiff brings claims under Sections 502(a)(1)(B) and 502(a)(3), and the latter merely duplicates the relief sought under the former, appropriate relief is specifically available under Section 502(a)(1)(B), and the Section 502(a)(3) claim must be dismissed. *See*, *e.g.*, *Chang v. Life Ins. Co. of N. Am.*, No. 08-cv-0019, 2008 WL 2478379, at *4 (D.N.J. June 17, 2008) ("Plaintiff's [Section 502(a)(3) claim] appears to be nothing more than an attempt to couch the request for relief it had previously set forth in [its Section 502(a)(1)(B) claim] in the language of equity. To allow Plaintiff to proceed with

6

[its Section 502(a)(3) claim] would lead to a significant waste of the Court's and the parties' resources"); *Erbe v. Billeter*, No. 06-cv-113, 2007 WL 2905890, at *12-13 (W.D. Pa. Sept. 28, 2007) (collecting cases); *Emil v. Unum Life Ins. Co. of Am.*, No. 02-cv-2019, 2003 WL 256781, at *2 (M.D. Pa. Feb. 5, 2003) ("Plaintiff's claim for breach of fiduciary duty is no more than a claim that Defendant wrongfully denied him benefits under the terms of the plan. Congress' creation of a specific remedy for the wrongful denial of benefits in § 1132(a)(1) makes it inappropriate for Plaintiff to pursue an overlapping claim for breach of fiduciary duty here.") (citations omitted).

Here, Count II of the PSAC makes clear that HUMC seeks the same relief for its breach of fiduciary duty claim under Count II – alleged underpayment of benefits – as sought in Count I under Section 502(a)(1)(B). To be sure, the PSAC seeks a judgment on all claims:

- "[A]warding damages for unpaid out-of-network benefits";
- "[O]rdering Defendants to pay benefits in accordance with the terms of the Plan";
- "Declaring that Defendants have violated the terms of the Plan";
- "Awarding . . . reimbursements improperly withheld";
- "Requiring Defendants to make full payment on all previously denied charges relating to HUMC's claims for reimbursement under the Plan for the

7

services it provided to Patient 1"; and

- "Requiring Defendants to pay HUMC the benefit amounts as required under the Plan."

(PSAC, Dkt. 54-3, at Prayer for Relief.)

Because HUMC seeks the same relief under Section 502(a)(1)(B) and Section 502(a)(3), HUMC's Section 502(a)(3) claim should be dismissed.

Furthermore, the relief sought by HUMC for alleged underpayment of benefits is indisputably legal relief and thus not available under Section 502(a)(3), which authorizes claims for only "appropriate equitable relief." 29 U.S.C. § 1132(a)(3). *See Prof'l Orthopedic Assocs., PA v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-cv-03057, 2014 WL 2094045, at *3 (D.N.J. May 20, 2014) (concluding that plaintiffs' claim for alleged underpayment of benefits was not sustainable under Section 502(a)(3) because it sought "money damages and not the type of 'traditional equitable relief' available under Section 502(a)(3)"); *see also Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 300 (3d Cir. 2007) ("[T]he Supreme Court has drawn a bright-line distinction between traditional equitable relief (*e.g.*, injunction, equitable lien, constructive trust), which is available under [Section 502(a)(3)], and traditional legal relief (*e.g.*, money damages), which is not") (citing

8

*Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256-57 (1993)).[3]

In short, HUMC's PSAC fails to state a claim for breach of fiduciary duty under Section 502(a)(3) (Count II) as against Defendant Omni.

## II. HUMC FAILS TO STATE A CLAIM FOR VIOLATION OF ERISA SECTION 503

The PSAC reiterates Count III verbatim from HUMC's Amended Complaint, and it fails for the same reasons discussed in Omni's Motion to Dismiss. (Dkt. 26-1, at 6-8, Dkt. 31, at 5-7.) Section 503 does not provide an independent cause of action, and the relief sought is impermissible legal relief that is duplicative of that sought under Count I.

First, courts have repeatedly held that Section 503 of ERISA, which requires plans to afford participants a full and fair review of their claims, does not confer a private right of action. Indeed, "while complying with § 503 may be 'probative of whether the decision to deny benefits was arbitrary and capricious,' § 503 itself does not provide an independent cause of action." *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 13-cv-03057, 2013 WL 5780815, at *9 (D.N.J. Oct. 25,

---

[3] That HUMC labeled the relief it seeks as "equitable relief" (PSAC, at Prayer for Relief) does nothing to change that conclusion. *See Chang*, 2008 WL 2478379, at *4 (dismissing plaintiff's 502(a)(3) claim that "appear[ed] to be nothing more than an attempt to couch the request for relief it had previously set forth in [its Section 502(a)(1)(B) claim] in the language of equity"); *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-cv-3121, 2009 WL 2905471, at *10 (D.N.J. Sept. 8, 2009) ("[P]lacing an equitable moniker on the relief sought does not automatically convert the relief into equitable relief").

9

2013) (quoting *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 851 (3d Cir. 2011); *see, e.g.*, *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-cv-552, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015), *aff'd*, No. 15-cv-2819, 2016 WL 3000342 (3d Cir. May 25, 2016).[4]

Second, to the extent that HUMC contends that the alleged violation of Section 503 gives rise to a claim under Section 502(a)(3) (*see* ¶ 86), such a claim fares no better for the reasons stated in Point I above.

In short, HUMC's PSAC fails to state a claim for failure to provide a full and fair review (Count III) as against Defendant Omni.

---

[4] Whether or not HUMC is ultimately successful in its claim against the Fund is immaterial. *See*, *e.g.*, *Chang*, 2008 WL 2478379, at *2-3 (citing *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1087-88 (11th Cir. 1999) (affirming dismissal of Section 502(a)(3) claim because plaintiff had an "adequate" overlapping remedy under Section 502(a)(1)(B), even when plaintiff ultimately *did not prevail* on her 502(a)(1)(B) claim)).

## **CONCLUSION**

For the foregoing reasons, this Court should deny HUMC's Cross-Motion for leave to file the PSAC as against Defendant Omni because it is futile.

Dated: August 8, 2016  Respectfully submitted,
       Newark, NJ

**PROSKAUER ROSE LLP**

By: /s/ Alychia L. Buchan
    Alychia L. Buchan
One Newark Center
Newark, NJ 07102
P: 973.274.3236
F: 973.274.3299
abuchan@proskauer.com

**PROSKAUER ROSE LLP**
Russell L. Hirschhorn *(admitted pro hac vice)*
Joseph E. Clark *(admitted pro hac vice)*
Eleven Times Square
New York, NY 10036
P: 212.969.3000
F: 212.969.2900
rhirschhorn@proskauer.com
jclark@proskauer.com

*Counsel for Defendant Omni Administrators Inc.*