# K&L GATES

Anthony P. La Rocco
D. 973. 848.4014
F. 973.848.4001
anthony.larocco@klgates.com

August 12, 2016

**BY ECF**

Hon. Kevin McNulty, U.S.D.C.
U.S. District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07102

    Re:    **HUMC OPCO LLC v. United Benefit Fund, et al.**
            **Docket No. 2:16-cv-00168 (KM) (MAH)**

Dear Judge McNulty:

    This firm represents Plaintiff HUMC OPCO LLC, d/b/a CarePoint Health – Hoboken University Medical Center ("HUMC") in the above referenced matter. We write regarding Defendants' United Benefit Fund ("UBF"), Aetna Health Inc. (Aetna"), and Omni Administrators Inc.'s ("Omni") (collectively "Defendants") recent filings related to their Motion to Dismiss HUMC's First Amended Complaint for Lack of Jurisdiction (ECF Dkt. No. 49) (the "Motion"). On August 8, 2016, Defendants collectively filed their Reply Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and in Opposition to Plaintiff's Cross-Motion for Leave to File a Second Amended Complaint (ECF Dkt. No. 58) (the "Reply Brief"). Defendant Omni also filed a separate Opposition to Plaintiff's Cross-Motion for Leave to File a Second Amended Complaint (ECF Dkt. No. 60) (the "Omni Brief"). For the reasons set forth below, HUMC respectfully requests that Your Honor entirely disregard the Declaration of JeannaTalamo ("Talamo Declaration"), attached to the Reply Brief, and the Omni Brief.

    First, the Talamo Declaration should be disregarded because, by attaching it to their Reply Brief, UBF precludes HUMC from testing the factual accuracy of the contentions contained therein. UBF claimed as early as June 3, 2014, that it terminated coverage of Patient 1's wife, C.L., in 2012 for her failure to provide an auditor with proof of her alleged marriage to Patient 1. (See Declaration of Anthony P. La Rocco in Opposition to Defendants' Motion to Dismiss for Lack of Standing (ECF Dkt. No. 54-2), Ex F). UBF provided no support for this contention prior to filing its Reply Brief, despite producing to HUMC nearly 2,000 documents containing what it contends is the administrative record related to this matter, (Id., ¶ 5), and a request for supporting documentation by HUMC, (Id. at Ex. G). Accordingly, HUMC respectfully requests that the Court entirely disregard the Talamo Declaration or, if Your Honor deems the

Talamo Declaration relevant to this Motion, that HUMC be provided the opportunity to conduct limited discovery to test the factual basis for UBF's contentions contained therein.

Second, the District of New Jersey Local Civil Rule 7.1(h) does not permit Omni to file a separate Opposition to HUMC's Cross-Motion for Leave to File a Second Amended Complaint. Rule 7.1(h) is clear that a "single" reply and opposition to cross-motion brief may be filed by the moving party. Because Defendants collectively filed the Reply Brief, Omni should not be permitted to re-argue issues unrelated to this Motion and already addressed in Omni's moving and reply briefs in support of Omni's Motion to Dismiss the Amended Complaint (ECF Dkt. No. 26 and 31). Accordingly, HUMC respectfully requests that Your Honor disregard the Omni Reply in its entirety, or, if Your Honor finds the Omni Brief relevant to this Motion, HUMC refers the Court to HUMC's Opposition to Omni's Motion to Dismiss the Amended Complaint filed on April 18, 2016 (ECF Dkt. No. 30).

Respectfully submitted,

/s/ Anthony P. La Rocco
Anthony P. La Rocco

cc: All counsel of record (via ECF)