**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CarePoint Health-Hoboken University Medical Center, | Civ. No. 16-168 (KM) |
| Plaintiff, | **MEMORANDUM OPINION and ORDER** |
| v. | |
| UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC., | |
| Defendants. | |

**MCNULTY, U.S.D.J.:**

The plaintiff, HUMC Opco LLC ("HUMC"), brings this ERISA action against Aetna Health Inc. ("Aetna"), United Benefit Fund ("UBF"), and Omni Administrators Inc. ("Omni"). The action is one to recover health care benefits allegedly assigned to HUMC by "Patient 1." Aetna and Omni (but not UBF) move to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motions to dismiss are denied.

**I.    THE COMPLAINT**

The allegations of the Second Amended Complaint ("2AC", ECF no. 74),[1] taken as true for the purposes of this motion to dismiss only, may be briefly summarized as follows.

---

[1] The motions to dismiss were originally directed to the First Amended Complaint. Magistrate Judge Hammer, by order and opinion dated October 25, 2016 (ECF nos. 72, 73), permitted the filing of the Second Amended Complaint, which

1

HUMC operates an acute care hospital in Hoboken, New Jersey. (2AC ¶ 9) UBF is an employee welfare benefits plan that provides medical and other benefits (it is called the "Plan" or the "Fund" in the parties' papers). (2AC ¶ 10) Omni is the Plan Administrator. (2AC ¶ 11) Aetna is a third party claims administrator; it administers the Plan jointly with Omni. (2AC ¶ 12)

From May 29, 2014, through May 22, 2015, HUMC provided care to a person designated in the complaint as "Patient 1." (2AC ¶¶ 16, 17) The charges totaled $7,702,491.32. (2AC ¶ 3)

UBF, as Patient 1's insurer, is allegedly liable for at least $789,446.88 at the so-called "Medicare Rate."[2] (2AC ¶¶ 21–23) UBF, through Omni and Aetna, has declined to reimburse HUMC for any more than $12,907.18. (2AC ¶¶ 24–26) Defendants' conduct is claimed to violate ERISA, 29 U.S.C. § 1001 *et seq.*

Patient 1 was initially comatose. On his behalf, his spouse executed an assignment of benefits to HUMC. After Patient 1 died on May 30, 2015, his spouse as beneficiary of his estate executed a second assignment of benefits to HUMC. (2AC ¶¶ 27–43)[3] Internal appeals remedies have been exhausted. (2AC ¶¶ 44–54)

Count I of the Second Amended Complaint (2AC ¶¶ 55–68), directed against UBF only, is not addressed by the pending motions to dismiss. In Count I, UBF is alleged to be the insurer, obligor, fiduciary, and/or relevant party-in-interest for the Plan, which is an employee welfare benefits plan within

---

added allegations about the assignment of benefits. In considering the motions to amend, Judge Hammer applied a Rule 12(b)(6) standard to the new allegations. The old allegations, however, except for the correction of a statutory citation in Count II, remained similar. Accordingly, after ascertaining that the parties had no objection (*see* Text Order, ECF no. 75), I opted to decide the pending motions to dismiss in relation to the currently operative Second Amended Complaint. Because I deny the motions, defendants shall answer the Second Amended Complaint on or before November 30, 2016, the extended date requested in a letter filed November 2, 2016 (ECF no. 76).

[2] The total may be higher if the Plan is a not a "grandfathered" plan under the Affordable Care Act. *See* 42 U.S.C. § 18011; 42 C.F.R. § 147.140. HUMC says that without discovery it cannot ascertain whether that is the case.

[3] Issues surrounding the assignment, which are not discussed in this opinion, are covered in in Judge Hammer's opinion on the motion to amend. (ECF no. 72)

2

the meaning of ERISA. UBF's failure to pay benefits due under the plan is alleged to render it liable under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

Count II of the Second Amended Complaint (2AC ¶¶ 69–80), directed against all defendants, alleges breach of fiduciary duty. "Omni and/or Aetna" are alleged to serve as the Administrators of the Plan. (2AC ¶ 72) UBF, Omni, and Aetna are alleged to exercise discretionary authority or control over the management and administration of the Plan and its assets. They also allegedly exercised discretion in determining the nature of benefits that would be supplied. They therefore are fiduciaries who owed a duty of care and loyalty to beneficiaries. (2AC ¶¶ 75–77) They allegedly violated their fiduciary duties "by, among other things: basing their reimbursement decisions on maximizing profits to Defendants rather than on the terms of the Plan and applicable statutes and regulations; failing to make decisions in the interests of beneficiaries; and failing to act in accordance with the Plan documents" (2AC ¶ 78), as well as by failing to inform HUMC (as assignee of benefits) of material information, by misrepresenting requirements for reimbursement under the Plan, and imposing unduly burdensome preconditions to payment. (2AC ¶ 79). Count II specifically seeks damages, citing ERISA § 404, 29 U.S.C. § 1104, and ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) (2AC ¶ 80), although the general prayer for relief is broader.

Count III of the Second Amended Complaint (2AC ¶¶ 81–86), directed against all defendants, alleges denial of full and fair review. Defendants, it alleges, are obligated to provide a "full and fair review" of denied claims pursuant to ERISA § 503, 29 U.S.C. § 1133, and applicable regulations. What they did, however, was provide an EOB paying $12,000 on a $700,000 claim, with inadequate explanation. This defective review also included refusing to provide the specific reason or reasons for the substantial underpayment on HUMC's claims on behalf of Patient 1; refusing to provide the specific plan provisions relied upon to support denial; refusing to provide the specific rule, guideline, or protocol relied upon; refusing to describe any additional material or information necessary to perfect a claim; refusing to notify the relevant

3

parties that they are entitled to free copies of relevant records; refusing to provide a statement describing any appeals procedure; and refusing to provide information necessary to enable HUMC to ascertain whether the Plan is grandfathered under the ACA. Count III seeks relief, including declaratory and injunctive relief, under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## II.  APPLICABLE STANDARD

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

### III. DISCUSSION

#### A. Aetna's Motion to Dismiss

Aetna seeks to dismiss Count II because it is not a Plan fiduciary. *See* 29 U.S.C. § 1002(21)(A). Aetna seeks to dismiss Count III because it is not a Plan fiduciary or administrator for review of denied claims. *See id.*; 29 U.S.C. § 1002(16)(A).

There does not seem to be any quarrel about the general legal principle that fiduciary status will attach to an entity that "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." *See* 29 U.S.C. § 10012(21)(A); *National Sec. Sys. v. Iola,* 700 F.3d 65, 97 (3d Cir. 2012); *Cohen v. Indep. Blue Cross*, 820 F. Supp. 2d 594 (D.N.J. 2011). The Second Amended Complaint clearly does allege that Aetna exercised such discretionary authority and control, both as to the Plan generally, and as to the allegedly inadequate review process. *See* summary of allegations, *supra.*

In arguing that it does not exercise discretionary authority with respect to the Plan, Aetna relies heavily on the Customer Administrative Services Agreement ("CASA") between Aetna and UBF, as well as the Administrative Services Agreement ("ASA") between Aetna and Omni. Of course Aetna acknowledges the general rule that the Rule 12(b)(6) analysis is confined to the allegations of the complaint. Nevertheless, "an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)). *Accord In re Asbestos Products Liability Litigation (No. VI),* 822 F.3d 125, 134 & n.7 (3d Cir. 2016).

I do not think that it would be prudent to apply that exception here. The cited contracts are not attached to HUMA's complaint, and are not cited in the

complaint. HUMA is not itself a party to either agreement. Indeed, HUMA claims that it is now seeing these documents for the first time. The interpretation and significance of these contracts as they bear on, *e.g.*, the discretion exercised by the contractual parties, may present issues not easily dealt with on a motion to dismiss. *See Neurosurgical Assoc. of NJ, P.C. v. QualCare Inc.*, 2015 WL 4569792, at *2 (D.N.J. July 28, 2015) (discretionary authority issue commonly decided with benefit of discovery); *In re Schering-Plough Corp. ERISA Litig.*, 2007 WL 2374989, at *7 (D.N.J. Aug. 15, 2007) ("Fiduciary status is a fact sensitive inquiry and courts generally do not dismiss claims at this early stage where the complaint sufficiently pleads defendants' ERISA fiduciary status.").

The Second Amended Complaint adequately alleges that Aetna exercises discretionary authority. For now, that is enough. Aetna's motion to dismiss the Second Amended Complaint is denied.

### B. Omni's Motion to Dismiss

Omni originally sought to dismiss Count II of the First Amended Complaint because HUMC asserts only that it was underpaid, whereas the section cited, ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), authorizes only plan-wide relief. HUMC responded that it had meant to cite § 502(a)(3), not (a)(2) (HUMC Brf. at p. 10 n.5, ECF no. 30 at 14 n.5), and it corrected that miscitation in the Second Amended Complaint. In response to HUMC's concession of error, Omni argued that amending Count II to cite § 502(a)(3) would be futile—*i.e.*, that such a claim would not survive a motion to dismiss under Rule 12(b)(6). The issue as to Count II has therefore been briefed on the basis of ERISA § 502(a)(3). Having ascertained that there is no objection (*see* n.1, *supra*), I too proceed on that basis.

Omni seeks to dismiss both Counts II and III as being duplicative of Count I (which is asserted against UBF alone). There is case law, having its origin in *Varity, supra,* which disallows redundant claims under §§ 502(a)(1)(B) and 502(a)(3). But I cannot simply assume the viability of Count I, which has

not been challenged, and force an election at this preliminary pleading stage. That concern is particularly acute where, as here, the issue is not merely election of remedies; Omni seeks to exit from the case and force plaintiff to proceed solely against UBF.

A plaintiff may plead in the alternative, or plead causes of action against parties who may be jointly or solely liable. *See generally* Fed. R. Civ. P. 8(d). This claim of redundancy may be dealt with more soundly on a developed factual record, whether on summary judgment or in connection with focusing the issues preliminary to trial. *See Shah v. Horizon Blue Cross Blue Shield,* Civ. No. 15-8590, 2016 WL 4499551 at *10 (D.N.J. Aug. 25, 2016) (finding dismissal premature, and holding that *Varity* does not create a rule precluding the assertion of alternative claims or requiring dismissal at the Rule 12(b)(6) stage of duplicative claims under ERISA §§ 502(a)(1)(B) and 502(a)(3)). The motions to dismiss are therefore denied on this ground, but without prejudice to renewal of these contentions in the context of summary judgment.

Omni next seeks to dismiss Count III because ERISA § 503, 29 U.S.C. § 1133, does not grant an independent cause of action. I do not read Count III as attempting to assert a right of action under ERISA § 503 as such. It does allege that § 503 is the source of the duty to provide full and fair review in the claims procedure, and alleges that the procedure here fell short of that § 503 standard. The actual claim, however, is asserted under the catchall civil enforcement provision, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). I cannot say at this stage that such a theory is precluded as a matter of law. *See Varity Corp. v. Howe,* 516 U.S. 489, 507-15, 116 S. Ct. 1065 (1986); *see also CIGNA Corp. v. Amara,* 131 S. Ct. 1866 (2011).

Omni makes the related contention that ERISA § 502(a)(3), an equitable provision, cannot encompass all of the relief sought by HUMC. I will not, in advance of discovery or any finding of liability, prematurely limit the availability of the relief sought in the broad prayer for relief. (*See* 2AC at pp. 27–29)

Omni's motion to dismiss Counts II and III is therefore denied.

## ORDER

Accordingly, IT IS this 7th day of November, 2016

ORDERED that the motions of Aetna (ECF no. 20) and Omni (ECF no. 26) to dismiss the Second Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), are DENIED; and it is further

ORDERED that defendants shall answer the Second Amended Complaint on or before November 30, 2016.

_____
HON. KEVIN MCNULTY, U.S.D.J.