**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
Fax:  (973) 848-4001
*Attorney for Plaintiff*
*HUMC Opco LLC, d/b/a*
*CarePoint Health -- Hoboken University Medical Center*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUMC OPCO LLC, d/b/a CAREPOINT HEALTH - HOBOKEN UNIVERSITY MEDICAL CENTER, | CIVIL ACTION NO.: 2:16-cv-00168-KM-MAH |
| Plaintiff, | |
| v. | Hon. Kevin McNulty, U.S.D.J. Hon. Michael A. Hammer, U.S.M.J. |
| UNITED BENEFIT FUND, AETNA HEALTH INC., and OMNI ADMINISTRATORS INC., | **ANSWER TO COUNTERCLAIM OF DEFENDANT UNITED BENEFIT FUND** |
| Defendants. | |

Plaintiff HUMC Opco LLC, d/b/a CarePoint Health -- Hoboken University

Medical Center ("Plaintiff" or "HUMC"), by and through its attorneys, K&L Gates

LLP, as and for its Answer to the Counterclaim of Defendant United Benefit Fund

("UBF"), in response to the separately numbered paragraphs thereof, state as

follows:

## AS TO FACTS SUPPORTING DEFENDANTS AFFIRMATIVE DEFENSES AND UBF'S COUNTERCLAIMS

87.    Upon information and belief, HUMC admits the allegations of Paragraph 87 of UBF's Counterclaim.

88.    HUMC admits upon information and belief that UBF purports to provide health benefit coverage; but HUMC presently lacks knowledge or information sufficient to form a belief as to the truth or falsity of UBF's allegations relating to the all persons covered by the Plan.  Accordingly, HUMC denies said allegations and denies all other allegations of Paragraph 88 of UBF's Counterclaim.

89.    HUMC admits upon information and belief that the Plan is a health plan offered by UBF; but HUMC presently lacks knowledge or information sufficient to form a belief as to the truth or falsity of UBF's allegations relating to the funding of the Plan.  Accordingly, HUMC denies said allegations and denies all other allegations of Paragraph 89 of UBF's Counterclaim.

90.    HUMC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 90 of UBF's Counterclaim.  Accordingly, HUMC denies said allegations.

91.    HUMC admits that Patient 1 was a participant in the Plan; but HUMC presently lacks knowledge or information sufficient to form a belief as to the truth or falsity of UBF's allegations relating to Patient 1's employment status and

whether Patient 1's employer contributed to UBF.  Accordingly, HUMC denies said allegations.  Except as so stated, HUMC denies the allegations of Paragraph 91 of UBF's Counterclaim.

92.    The allegations set forth in Paragraph 92 of UBF's Counterclaim are vague and ambiguous and preclude a complete response in that the allegations invite speculation.  To the extent a response is required, HUMC denies the allegations set forth in Paragraph 92 of UBF's Counterclaim.

93.    The allegations set forth in Paragraph 93 of UBF's Counterclaim are vague and ambiguous and preclude a complete response in that the allegations invite speculation.  To the extent a response is required, HUMC denies the allegations set forth in Paragraph 93 of UBF's Counterclaim.

94.    HUMC admits that HUMC is a private, for-profit hospital and otherwise denies all allegations set forth in Paragraph 94 of UBF's Counterclaim.

95.    HUMC admits that Bayonne Medical Center and Christ Hospital are private, for-profit hospitals operating in New Jersey and otherwise denies all allegations set forth in Paragraph 95 of UBF's Counterclaim.

96.    HUMC denies all allegations set forth in Paragraph 96 of UBF's Counterclaim.

97.    HUMC denies all allegations set forth in Paragraph 97 of UBF's Counterclaim.

98.    HUMC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 98 of UBF's Counterclaim.  Accordingly, HUMC denies said allegations.

99.    HUMC admits that UBF provides coverage for participants' use of out-of-network providers such as HUMC.  Except as so stated, HUMC denies the allegations set forth in Paragraph 99 of UBF's Counterclaim.

100.   HUMC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 100 of UBF's Counterclaim.  Accordingly, HUMC denies said allegations.

101.   HUMC admits that it does not currently participate in the network maintained by Horizon Blue Cross Blue Shield of New Jersey.  Except as so stated, HUMC denies the allegations set forth in Paragraph 101 of UBF's Counterclaim.

102.   HUMC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 102 of UBF's Counterclaim.  Accordingly, HUMC denies said allegations.

103.   HUMC admits that it is an out-of-network provider with respect to certain private insurers; but UBF's allegations that HUMC is an out-of-network hospital for "most" insurance plans is vague and ambiguous and precludes a complete response.  Accordingly, HUMC denies said allegations and denies all other allegations set forth in Paragraph 103 of UBF's Counterclaim.

104.   HUMC admits the allegations set forth in Paragraph 104 of UBF's Counterclaim.

105.   HUMC denies the allegations set forth in Paragraph 105 of UBF's Counterclaim.

106.   HUMC denies the allegations set forth in Paragraph 106 of UBF's Counterclaim.

107.   HUMC denies the allegations set forth in Paragraph 107 of UBF's Counterclaim.

108.   HUMC denies the allegations set forth in Paragraph 108 of UBF's Counterclaim.

109.   HUMC denies the allegations set forth in Paragraph 109 of UBF's Counterclaim.

110.   HUMC denies the allegations set forth in Paragraph 110 of UBF's Counterclaim.

111.   HUMC refers Defendants to the Plan language, which speaks for itself, and denies all allegations set forth in Paragraph 111 that are inconsistent with the Plan language.

112.   HUMC denies the allegations set forth in Paragraph 112 of UBF's Counterclaim.

113.   HUMC denies the allegations set forth in Paragraph 113 of UBF's Counterclaim.

114.   HUMC denies the allegations set forth in Paragraph 114 of UBF's Counterclaim.

115.   HUMC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 115 of UBF's Counterclaim relating to whether Medicaid is the secondary payer.  Accordingly, HUMC denies said allegations and denies all other allegations of Paragraph 115 of UBF's Counterclaim.

116.   HUMC denies the allegations set forth in Paragraph 116 of UBF's Counterclaim.

117.   HUMC denies the allegations set forth in Paragraph 117 of UBF's Counterclaim.

118.   HUMC denies the allegations set forth in Paragraph 118 of UBF's Counterclaim.

119.   HUMC denies the allegations set forth in Paragraph 119 of UBF's Counterclaim.

120.   HUMC denies the allegations set forth in Paragraph 120 of UBF's Counterclaim.

## AS TO AFFIRMATIVE DEFENSES

121-130.    To the extent the Affirmative Defenses set forth in Paragraphs 121 through 130 of UBF's Counterclaim set forth any factual allegations, such factual allegations are denied.  HUMC also denies that Defendants are entitled to any relief based on the Affirmative Defenses set forth in Paragraphs 121 through 130 of UBF's Counterclaim.

## AS TO COUNTERCLAIM BY UBF
## (for declaratory and equitable relief under ERISA § 502(a)(3)

As to the unnumbered paragraph preceding paragraph 131, HUMC repeats and re-alleges its allegations set forth in its Second Amended Complaint, and its responses to the preceding paragraphs herein, as if set forth herein in full.

131.  HUMC denies the allegations of Paragraph 131 (including Subparagraphs 131(A) through (E)) in their entirety; denies that Defendants are entitled to a declaratory judgment based on the allegations set forth in Paragraph 131(including Subparagraphs 131(A) through (E)) of UBF's Counterclaim; and denies that Defendants are entitled to any relief whatsoever.

## AS TO THE "WHEREFORE" CLAUSE

HUMC denies the allegations of the "Wherefore" clause set forth as an unnumbered paragraph following Paragraph 131 of the Counterclaim (including subparagraphs 1 through 5 of said "Wherefore" clause); denies that Defendants are entitled to the relief sought in the "Wherefore" clause (including subparagraphs 1

through 5 of said "Wherefore" clause); and denies that Defendants are entitled to any relief whatsoever.

## HUMC'S SEPARATE DEFENSES TO UBF'S COUNTERCLAIM

### FIRST SEPARATE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

The Counterclaim is barred, in whole or in part, because it purports to allege facts beyond the scope of the administrative record.

### THIRD SEPARATE DEFENSE

The Counterclaim is barred, in whole or in part, on the grounds that it is unsupported by, and/or contrary to, the administrative record.

### FOURTH SEPARATE DEFENSE

The Counterclaim is barred, in whole or in part, on the grounds that Defendants never raised the allegations set forth in the Counterclaims at any point during the processing of HUMC's claims for the treatment it provided to Patient 1.

### FIFTH SEPARATE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of waiver.

### SIXTH SEPARATE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH SEPARATE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH SEPARATE DEFENSE

The Counterclaim is barred, in whole or in part, because UBF is not a grandfathered plan under the Affordable Care Act.

## NINTH SEPARATE DEFENSE

To the extent that the Counterclaim purports to seek damages from HUMC, Defendants have failed to mitigate their alleged damages.

## RESERVATION

HUMC expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

**WHEREFORE**, HUMC respectfully requests that this Court enter judgment for HUMC granting it the relief sought in the Second Amended Complaint, dismissing the Counterclaim with prejudice, and awarding HUMC its attorneys' fees and costs.

Respectfully submitted,

**K&L GATES LLP**

One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
Fax:  (973) 848-4001
*Attorneys for Plaintiff*
*HUMC Opco LLC, d/b/a CarePoint Health*
*-- Hoboken University Medical Center*

By:   /s/ Anthony P. La Rocco
        Anthony P. La Rocco

Dated:  January 6, 2017

## CERTIFICATION OF SERVICE

I hereby certify that on this date, the foregoing Answer to UBF's Counterclaim was served on all counsel of record via ECF electronic filing.

Respectfully submitted,

**K&L GATES LLP**

One Newark Center, Tenth Floor
Newark, New Jersey 07102
Tel:  (973) 848-4000
Fax:  (973) 848-4001
*Attorneys for Plaintiff*
*HUMC Opco LLC, d/b/a CarePoint Health*
*-- Hoboken University Medical Center*

By:   /s/ Anthony P. La Rocco
        Anthony P. La Rocco

Dated:  January 6, 2017